738 P.2d 783

**STATE of Arizona, Appellee,**

v.

**Marshall R. BARNETT, Appellant.**

**No. 1 CA–CR 10324.**

Court of Appeals of Arizona,
Division 1, Department B.

April 28, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Ronald R. Crismon, Asst. Chief Counsel, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Presiding Judge.

The defendant, Marshall R. Barnett, was charged with one count of sale of a narcotic drug, a class two felony. He entered into a plea agreement in which he agreed to plead guilty to one count of possession of a narcotic drug. The plea agreement stipulated that the state would not allege prior convictions and that the defendant would be placed on probation. The court found that the defendant's guilty plea was knowingly, voluntarily and intelligently made. Sentencing was set and a presentence report was prepared. The defendant admitted his guilt to the probation officer, who noted that admission in his presentence report. The presentence report recommended not following the plea agreement for, in the opinion of the probation officer, the defendant was not a good candidate for probation. At sentencing, the following occurred:

> TRIAL JUDGE: Mr. Barnett I've reviewed this file and I've considered your past criminal record. I'm going to reject your plea agreement as not being in the interest of justice and inappropriate under the circumstances.
>
> At this time you have the opportunity to withdraw your plea. I advise you if you permit your plea to stand the disposition of this case may be less favorable to you than that contemplated by your plea agreement. Do you wish to withdraw your plea?
>
> APPELLANT: No, your Honor.
>
> TRIAL JUDGE: Pardon me?
>
> DEFENSE COUNSEL: Your Honor, would it be your intention to send the defendant to prison?
>
> TRIAL JUDGE: That's correct. The presumptive term of four years.
>
> DEFENSE COUNSEL: Apparently, your Honor, the defendant wants to go ahead with sentence today.
>
> TRIAL JUDGE: Do you wish me to proceed with sentence at this time, Mr. Barnett?
>
> APPELLANT: Yes, your Honor.

The trial judge then sentenced the defendant to the presumptive term of four years in prison with appropriate presentence incarceration credit.

On appeal the defendant raises only one issue:

Did the trial court err by not advising the appellant that upon rejection of the plea agreement, the appellant would be entitled to a change of judge?

## PLEA REJECTION

■ In Arizona, plea negotiations and agreements are controlled by Rule 17.4, Arizona Rules of Criminal Procedure, which provides in part:

(e) Rejection of plea.

If an agreement or any provision thereof is rejected by the court, it shall give the defendant an opportunity to withdraw his plea, advising him that if he permits his plea to stand, the disposition of the case may be less favorable to him than that contemplated by the agreement.

\* \* \* \* \* \*

(g) Automatic change of judge.

If a plea is withdrawn after submission of the presentence report, the judge, upon request of the defendant, shall disqualify himself, but no additional disqualification of judges under this rule shall be permitted.

In this case, the defendant was properly advised under Rule 17.4(e), Arizona Rules of Criminal Procedure, that he had the right to withdraw his plea, and that if the plea was not withdrawn he would receive a sentence less favorable than contemplated in the plea agreement. In fact, he was specifically informed that if he did not withdraw his plea he would be sentenced to the presumptive term of 4 years in prison. This is sufficient to satisfy any voluntary requirements concerning the plea agreement and his plea of guilty. *State v. Soto*, 126 Ariz. 477, 616 P.2d 937 (App.1980).

The defendant claims, however, that in addition he must be advised that if he withdraws his plea, he is entitled to a change of judge. To fail to do so, it is argued, places the defendant in the untenable position of either going through with the plea or proceeding to trial before a judge who already knows of his guilt from his statements in the pre-sentence report.

The defendant's claim that he has a constitutional due process right to excuse a judge upon rejection of a plea agreement is flawed. The federal cases which have considered this issue all conclude that the failure of a trial judge to recuse himself after reviewing a pre-sentence report, conditionally accepting a plea of guilty and then rejecting the plea does not constitute a denial of due process. *United States v. Bunch*, 730 F.2d 517 (7th Cir.1984); *United States v. Bourque*, 541 F.2d 290 (1st Cir. 1976); *United States v. Gallington*, 488 F.2d 637 (8th Cir.1973).

If a defendant has no constitutional right to a change of judge under these circumstances, we fail to see how his knowledge or lack of knowledge of a rule given right can constitutionally affect the validity of the plea proceedings.

■ While the Arizona rule has taken away the trial judge's discretion in recusing himself or herself upon a withdrawal of a plea of guilty (compare Rule 17.4(g), Arizona Rules of Criminal Procedure with Rule 11(e), Federal Rules of Criminal Procedure) it is clear that this right to a change of judge only attaches *after* the defendant has exercised his option to withdraw the plea.

We hold that the defendant having no constitutional right to a change of judge, lack of knowledge of the provisions of rule 17.4(g) does not affect the voluntariness or validity of the plea.

Judgment and sentence affirmed.

GREER and HAIRE, JJ., concur.