752 P.2d 511

**Kenneth J. FIVEASH, Petitioner,**

**v.**

**SUPERIOR COURT OF ARIZONA, in and for the COUNTY OF COCHISE, and James L. Riley, a judge thereof, Respondents,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 87–0120.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 14, 1988.

Review Denied April 26, 1988.

Edward W. Matchett, Bisbee, for petitioner.

Cochise Co. Atty. by Wayne A. Dirst, Bisbee, for real party in interest.

HATHAWAY, Judge.

The issue presented by this special action is whether a defendant, whose plea agreement has been rejected by the trial court and who has been granted a change of judge pursuant to Ariz.R.Crim.P. 17.4(g), 17 A.R.S., is entitled to a peremptory change of judge under Ariz.R.Crim.P. 10.2, 17 A.R.S., as to the judge to whom the case is subsequently assigned. The case presents a narrow question of law, one of statewide importance, and we therefore accept jurisdiction. *University of Arizona Health Sciences Center v. Superior Court of State of Arizona in and for Maricopa County*, 136 Ariz. 579, 667 P.2d 1294 (1983). For the reasons set forth below, however, we deny relief.

Petitioner is the defendant in Cochise County Criminal Action No. CR 87–00194, charged with a felony offense of driving under the influence pursuant to A.R.S. § 28–692.02. He entered into a plea agreement with the state, in which he agreed to plead guilty to the charge in exchange for a stipulation that he would receive no more than the minimum six-month sentence required by § 28–692.02(C).

The case was assigned to the Honorable Richard A. Winkler, who took the plea but deferred acceptance until the sentencing hearing. At that hearing, the court found that the stipulation as to sentencing was "inappropriate" and rejected the plea agreement. The court then presented the petitioner with three options:

First, he can withdraw his plea of guilty; I'll enter a plea of not guilty and set the case for trial.

Number two, he can proceed under the plea agreement, with knowledge that the sentence would be greater that that stipulated to, namely, the mandatory minimum six-month sentence.

Or I will entertain a request for a change of judge and assign the case to the presiding judge for re-assignment of the case, and the new judge could take up the matter of the plea agreement or whatever counsel wanted to present.

The last option is permitted under Rule 17.4(g), which provides that "[i]f a plea is withdrawn after submission of the pre-sentence report, the judge, upon request of the defendant, shall disqualify himself, but no additional disqualification of judges under this rule shall be permitted."[1] Petitioner

---

1. Petitioner has suggested that the trial court voluntarily offered to transfer the case to another judge, that he did not in fact withdraw his plea and that the change therefore did not arise under Rule 17.4(g). The record does not support this contention, nor would such a procedure have been permissible. Once a provision of a plea agreement has been rejected, the trial court must offer the opportunity to withdraw and the automatic right to change of judge, which is not waived by the defendant's failure

chose the third option, and the case was assigned to the Honorable James L. Riley on November 19, 1987. The following day, petitioner filed a Notice of Change of Judge pursuant to Rule 10.2. The notice was rejected by Judge Riley on November 23, and this special action followed.

Changes of judge are generally governed by Rule 10, which permits such changes both for cause and upon request. Specifically, Rule 10.2 permits any party to request a change of judge, without cause, within 10 days after (1) arraignment, if the case is assigned at that time, (2) filing of an appellate court mandate, or (3) actual notice of the assignment in all other cases. Only one such change is permitted, and the right is waived if the party participates before a judge in any contested matter, including a change of plea proceeding under Rule 17. Ariz.R.Crim.P. 10.4(a), 17 A.R.S. Thus, absent the provisions of Rule 17.4(g), petitioner would have been precluded from seeking a peremptory change of judge following the rejection of the plea agreement and the withdrawal of his guilty plea.

The issue here is whether, having been granted a change of judge under Rule 17.4(g), petitioner is still entitled to a peremptory challenge under Rule 10.2. Petitioner's argument that he is so entitled is based on the qualifying language of Rule 17.4(g), which provides that "no additional disqualification of judges *under this rule* shall be permitted." (Emphasis added.) Implicit in this language, petitioner contends, is that the rule does not limit changes of judge permitted under Rule 10. While his argument is facially appealing, we do not agree with petitioner's conclusion.

The only comment to Rule 17.4(g) is a reference to the United States Supreme Court's decision in *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969), in which the defendant had challenged his conviction on the ground that the trial judge had seen the presentence report before the jury returned its verdict, in violation of Fed.R.Crim.P. 32. Although harmless in that case, the court found that

submission of the report prior to the verdict was "error of the clearest kind." 394 U.S. at 492, 89 S.Ct. at 1136.

> Moreover, the rule must not be taken lightly. Presentence reports are documents which the rule does not make available to the defendant as a matter of right. There are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged. To permit the *ex parte* introduction of this sort of material to the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial would seriously contravene the rule's purpose of preventing a possible prejudice from premature submission of the presentence report. No trial judge, therefore, should examine the report while the jury is deliberating since he may be called upon to give further instructions or answer inquiries from the jury, in which event there would be the possibility of prejudice which Rule 32 intended to avoid. Although the judge may have that information at his disposal in order to give a defendant a sentence suited to his particular character and potential for rehabilitation, there is no reason for him to see the document until the occasion to sentence arises, and under the rule he must not do so.

*Id.* at 492, 89 S.Ct. at 1136–1137. Two points must be noted regarding the Supreme Court's decision in *Gregg.* First, the issue was decided as a matter of statutory interpretation rather than on federal constitutional grounds. Second, the court found in the violation of the rule not the automatic creation of prejudice, but rather the possibility of prejudice. Thus, we cannot say that *Gregg* stands for the proposition that the trial court's review of a presentence report in an aborted change of plea proceeding would automatically provide grounds for a change of judge for cause.

■ Nor would such a result obtain under Arizona law. Our supreme court has held that a judge is not disqualified from

to withdraw on his own. *State v. Soto,* 126 Ariz. 477, 616 P.2d 937 (App.1980).

presiding at a retrial following reversal on appeal merely because he presided at the original trial. *State v. Rossi*, 154 Ariz. 245, 741 P.2d 1223 (1987); *State v. Poland*, 144 Ariz. 388, 698 P.2d 183 (1985); *see also State v. Neil*, 4 Ariz.App. 1258, 419 P.2d 388 (1966), *vacated on other grounds*, 102 Ariz. 110, 425 P.2d 842 (1967). If those facts alone are not sufficient cause under Rule 10.2, we fail to see how a trial judge's review of a plea agreement and presentence report, absent more, would provide cause for a change of judge. *See Brim v. State*, 471 N.E.2d 672 (Ind.1984). Rule 17.4(g) does not, in our view, give rise to an automatic change of judge for cause. Rather, we construe the rule as giving a defendant the opportunity for a peremptory change of judge which would otherwise be unavailable to him because of the expiration of the time limits of Rule 10.2 and because of his participation in the change of plea proceeding. This conclusion is fortified by the fact that Rule 17.4(g) allows only one challenge. If the challenge was truly for cause, the number of challenges should be unlimited.

Arizona is in the minority of states that permit peremptory changes of judge in criminal proceedings. *See generally* W. LaFave and J. Israel, 2 Criminal Procedure § 21.4(d) (1984). Further, our supreme court has cautioned that "any provision relating to disqualification of judges must be given strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity and to ensure the orderly function of the judicial system." *State v. Perkins*, 141 Ariz. 278, 286, 686 P.2d 1248, 1256 (1984), *overruled on other grounds, State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987). The impartiality of judges is presumed. *Id.; see also State v. Rossi, supra; State v. Menard*, 135 Ariz. 385, 661 P.2d 649 (App.1982). A construction which would expand the availability of peremptory changes of judge would be inconsistent with these principles. Accordingly, we hold that a defendant who has exercised his right to a change of judge following withdrawal of a guilty plea pursuant to Rule 17.4(g) has exercised his only peremptory challenge, and is not entitled to an additional change under Rule 10.2.

Relief denied.

LACAGNINA, C.J., and HOWARD, P.J., concur.