887 P.2d 623

**Harold Sean CHAVEZ, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Lawrence O. Anderson, a judge thereof, Respondent Judge,**

**The STATE of Arizona, ex rel. Richard ROMLEY, Maricopa County Attorney, Real Party in Interest.**

No. 1 CA–SA 94–0207.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 27, 1994.

Review Denied Jan. 24, 1995.

Kristi A. Riggins, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Kevin Maricle, Deputy County Atty., Phoenix, for real party in interest.

### OPINION

GARBARINO, Judge.

Harold Sean Chavez (defendant) seeks special action relief from the trial judge's denial of his motion for change of judge. Defendant requests that this Court accept jurisdiction and direct the trial judge to disqualify himself pursuant to Rule 17.4(g) of the Arizona Rules of Criminal Procedure. The State also requests that we accept jurisdiction and clarify the meaning of Rule 17.4(g). We issued an order accepting jurisdiction and granting defendant's requested relief. The order stated that an opinion would follow. This is that opinion.

## FACTS AND PROCEDURAL HISTORY

Defendant was charged with one count of aggravated assault and one count of conspiracy to commit aggravated assault, both class 3 felonies. The charges arose from defendant's alleged participation with two co-defendants in a brutal attack on the victim. Defendant entered a guilty plea to one count of conspiracy to commit aggravated assault, a class 3 nondangerous/nonrepetitive felony. The trial judge deferred acceptance of the plea until sentencing.

Thereafter, a probation officer prepared a presentence report suggesting that defendant's alleged participation in the assault was not an isolated incident and that defendant was the "mastermind and instigator" of this particular offense. The presentence report recommended that defendant receive the presumptive five-year term of imprisonment.

Counsel for defendant and counsel for the two co-defendants requested a mitigation hearing to contest some of the statements in the presentence report. At the time set for sentencing, the trial judge granted the requests for a mitigation hearing but, based on his review of the presentence report, placed defendant and the co-defendants in custody stating:

> I am going to grant both of your requests for a mitigation hearing. I'm going to tell you now, in light of the recommendation, in light of the violent nature of this hate crime in which the victim was severely beaten ... I'm going to put both your clients in custody at this time.

Defendant then filed a motion to withdraw from the plea and a motion for change of judge. The trial judge granted defendant's motion to withdraw from the plea but denied the motion for change of judge. The trial judge indicated that Rule 17.4(g) requires disqualification only if the judge rejects the plea pursuant to Rule 17.4(e). The trial judge stated that he did not believe that Rule 17.4(g) required him to disqualify himself if defendant withdrew from the plea prior to its acceptance. Defendant then filed this special action.

## DISCUSSION

■ Special action relief is appropriate when a respondent judge is required to transfer a case to another judge and fails to do so. *Dunn v. Superior Court,* 160 Ariz. 311, 312, 772 P.2d 1164, 1165 (App.1989). We therefore exercised our discretion and accepted jurisdiction of this case.

■ Defendant contends that the trial judge abused his discretion by failing to grant the motion for change of judge. He asserts that he was entitled to a change of judge under Rule 17.4(g) following the submission of the presentence report and his withdrawal from the plea prior to acceptance.

Rule 17.4(b) allows a defendant to withdraw a plea agreement prior to its acceptance by the trial judge. Rule 17.4(e) permits a defendant to withdraw a plea agreement if the trial judge rejects the agreement or a provision thereof. Rule 17.4(g) provides that "[i]f a plea is withdrawn after submission of the presentence report, the judge, upon request of the defendant, shall disqualify himself or herself, but no additional disqualification of judges under this rule shall be permitted." The rule does not distinguish between a withdrawal of plea prior to acceptance under Rule 17.4(b) and a withdrawal of plea following rejection under Rule 17.4(e). Arizona cases that have discussed the applicability of Rule 17.4(g) have done so only in the context of rejected pleas under Rule 17.4(e). *See, e.g., State v. Barnett,* 153 Ariz. 508, 509, 738 P.2d 783, 784 (App.1987). Therefore, we must determine whether Rule 17.4(g) entitles a defendant to a change of judge when a plea is withdrawn pursuant to Rule 17.4(b). The Comment to Rule 17.4(g) cites *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969).

In *Gregg,* the United States Supreme Court addressed Rule 32(c)(1) of the Federal Rules of Criminal Procedure. *Id.* at 491, 89 S.Ct. at 1136–37. Rule 32(c)(1) provides in part that the presentence report "shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty." The *Gregg* Court ex-

plained the rationale behind the federal rule as follows:

> Presentence reports are documents which the rule does not make available to the defendant as a matter of right. There are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged. To permit the *ex parte* introduction of this sort of material to the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial would seriously contravene the rule's purpose of preventing possible prejudice from premature submission of the presentence report. No trial judge, therefore, should examine the report while the jury is deliberating since he may be called upon to give further instructions or answer inquiries from the jury, in which event there would be the possibility of prejudice which Rule 32 intended to avoid. Although the judge may have that information at his disposal in order to give a defendant a sentence suited to his particular character and potential for rehabilitation, there is no reason for him to see the document until the occasion to sentence arises, and under the rule he must not do so.

*Id.* at 492, 89 S.Ct. at 1137.

We acknowledge that "any provision relating to disqualification of judges must be given strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity and to ensure the orderly function of the judicial system." *State v. Perkins*, 141 Ariz. 278, 286, 686 P.2d 1248, 1256 (1984). However, our reading of *Gregg* leads us to conclude that we should interpret Rule 17.4(g) to further "the rule's purpose of preventing possible prejudice from premature submission of the presentence report." 394 U.S. at 492, 89 S.Ct. at 1137. We believe that such prejudice may arise when a defendant withdraws from a plea prior to its acceptance or when a defendant withdraws from a plea following its rejection. In either situation, "the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial" may be prejudiced by examining the information in the presentence report. *Id.* Therefore, assuming that the presentence report has been submitted, Rule 17.4(g) entitles a defendant to a change of judge if the defendant withdraws from the plea prior to its acceptance pursuant to Rule 17.4(b).

### CONCLUSION

We conclude that the trial judge erred by denying defendant's motion for change of judge. We remand this matter to the trial judge with instructions to grant defendant's motion and to disqualify himself pursuant to Rule 17.4(g).

VOSS, P.J., and NOYES, J., concur.