889 P.2d 641

**James Charles SCARBOROUGH, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF YUMA, the Honorable Philip L. Hall, a judge thereof, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

No. 1 CA–SA 94–0309.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 14, 1995.

Weil & Nelson by John N. Nelson, Yuma, for petitioner.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Phoenix, and David S. Ellsworth, Yuma County Atty. by David M. Haws, Deputy County Atty., Yuma, for real party in interest.

OPINION

JACOBSON, Presiding Judge.

Petitioner James Charles Scarborough (defendant) seeks special action review of the trial court's denial of his motion for automatic change of judge pursuant to Rule 17.4(g), Arizona Rules of Criminal Procedure.[1] The issue presented is whether the trial judge who rejected a plea agreement between defendant and the state as "somewhat lenient" abused his discretion in failing to grant defendant an automatic change of judge after presiding at a change of plea hearing during which defendant admitted his guilt and verified the state's factual basis of the charges and at which the victims testified regarding their objections to the plea agreement based of the extent of harm they had suffered as a result of defendant's crimes. Specifically, we must decide if this court's recent holding in *Chavez v. Superior Court*, 181 Ariz. 93, 887 P.2d 623 (App.1994), that Rule 17.4(g) entitles a defendant to an automatic change of judge when a defendant withdraws from a plea agreement after premature submission of a presentence report, should be extended to situations where the trial judge may have been exposed to similar information about defendant during the change of plea hearing.

Because special action is an appropriate procedural vehicle for review of an order denying a motion for change of judge, we accepted jurisdiction in this matter. *See,*

---

1. Defendant's motion also sought, in the alternative, a change of judge for cause pursuant to Rule 10.1, Arizona Rules of Criminal Procedure. After the trial court denied the motion on the basis of Rule 17.4(g), it scheduled a hearing on the Rule 10.1 motion. In his petition, defendant avows that the parties have stipulated to vacate that motion pending the filing and resolution of this special action. We therefore do not address defendant's motion for change of judge under Rule 10.1.

*e.g., Chavez,* 181 Ariz. at 94, 887 P.2d at 624; *Dunn v. Superior Court,* 160 Ariz. 311, 312, 772 P.2d 1164, 1165 (App.1989).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted on one count of fraudulent schemes, a class 2 felony, and three counts of theft, class 2 and 3 felonies. The charges arose out of a scheme involving defendant and a co-defendant, by which defendant, through various business names, allegedly submitted invoices for unperformed services to the corporate victim, for which the co-defendant would authorize payment. After payment was sent to defendant, he and the co-defendant allegedly split the proceeds. The amounts fraudulently billed to the corporate victim allegedly exceeded $1.36 million.

Defendant entered into a plea agreement with the state, which provided for him to plead guilty to one count of attempted theft, a class 3 felony, and to pay restitution on all counts not to exceed $1.5 million. In exchange, the state agreed to dismissal of the remaining counts and an allegation of a prior felony conviction.

At the change of plea hearing, counsel for the victim objected to the plea agreement as too lenient, read a statement from the individual investors of the corporate victim regarding the harm they had suffered, and asked the court to reject the plea agreement. The state urged the court to accept the agreement, arguing that the sentencing range it afforded was "sufficiently broad to do justice," that the victim would receive full restitution, and that a trial would be both lengthy and complex, placing a burden on both the county attorney's office and the court's schedule.

After defendant had admitted his guilt and verified the state's factual basis for not only the amended count but all the charges against him, the court rejected the plea agreement, finding that judicial economy should not "be a very great consideration" where such serious allegations are involved, and that the state appeared able to prove the allegations at trial. The court instructed defendant to submit a written motion if he desired a change of judge.

Defendant then filed his Motion to Change Judge Under Rule 17.4 and 10.1,[2] Arizona Rules of Criminal Procedure. Defendant pointed out that, although the presentence report had not yet been prepared, the court had been privy to similar prejudicial information regarding defendant's guilt during the change of plea hearing. Defendant argued that a change of judge therefore was necessary to afford him a fair trial and to avoid "the appearance of bias or [prejudice] where a judge has in essence been programmed as to a particular Defendant who unless that judge withdraws, will ultimately be sentencing that same Defendant having been influenced by earlier matters." Defendant requested that the court "determine that it would be appropriate to allow the Defendant a change of judge to either present the same plea agreement or to proceed as the parties deem appropriate," or, alternatively, to schedule a hearing under Rule 10.1(c), for change of judge for cause.

At a hearing on the motion, the state indicated it did not oppose the motion. The court denied the motion on the basis of Rule 17.4(g), and set the matter for hearing on the Rule 10.1 grounds, ruling as follows:

> There's no basis for allowing the defendant a change of judge pursuant to Rule 17.4, specifically Rule 17.4G, since no presentence report has been prepared in this Court.

Defendant then brought to the court's attention this court's recent decision in *Chavez v. Superior Court,* 181 Ariz. 93, 887 P.2d 623 (App.1994), and argued that the court had been subjected to the same type of material that would be contained in a presentence report and therefore the rationale of *Chavez* should apply. The court denied the motion, noting that, in its opinion, *Chavez* was not applicable and that the motivation of both the state and the defendant was to get another judge to accept the plea.

After the parties stipulated to vacate the remaining issue in the motion pending the

2. *See* note 1, *supra.*

resolution of the Rule 17.4(g) issue, defendant filed this special action. On November 21, 1994, this court entered its order accepting special action jurisdiction, denying relief, and stating that this opinion would follow.

## DISCUSSION

Rule 17.4(g), Arizona Rules of Criminal Procedure, provides as follows:

> **Automatic Change of Judge.** If a plea is withdrawn after submission of the presentence report, the judge, upon request of the defendant, shall disqualify himself or herself, but no additional disqualification of judges under this rule shall be permitted.

In *Chavez,* this court recently interpreted the provisions of Rule 17.4(g) to apply to situations in which a defendant withdraws a plea agreement prior to its acceptance by the court under the provisions of Rule 17.4(b) as well as to situations in which a defendant withdraws a plea agreement because the judge rejects the agreement under the provisions of Rule 17.4(e). 181 Ariz. at 94, 887 P.2d at 624. This case involves a Rule 17.4(e) withdrawal.[3]

In *Chavez,* we found that a trial judge may be prejudiced by examining the information in a presentence report prior to a defendant's withdrawal from his guilty plea. 181 Ariz. at 95, 887 P.2d at 625. Therefore, we held that, under Rule 17.4(g), defendant was entitled to an automatic change of judge under those circumstances, "assuming that the presentence report has been submitted." *Id.* The question before us in this case is whether the same kind of prejudice must be assumed when a presentence report has not yet been submitted but when the trial court comes into contact with information similar to that contained in the presentence report through the victims' statements at the change of plea hearing. Rule 17.4(g) does not address this situation.

■ The enactment of the Victims' Bill of Rights has increased the potential for a victim of a crime to take a more active role in criminal proceedings, including the victim's right to be present at the change of plea hearing, and to make known to the court the impact of the crime and the victim's recommendation regarding the defendant's punishment. *See* A.R.S. § 13–4420 (the right to be present at any criminal proceeding); Rule 39(b)(7) (the right to be heard at any proceeding involving any plea bargain); A.R.S. § 13–4424 (the right to submit a written impact statement). In some cases, depending on the nature of the victim's statements to the court and the procedural context in which they arise, it is possible that a trial judge who rejects a plea agreement, thereby allowing a defendant to withdraw from a guilty plea, may have been exposed to information not unlike that contained in a presentence report. In such cases, the same concerns about the submission of a premature presentence report may apply: the trial judge may come into contact with information not necessarily made available to the defendant, with no formal limitation on its content; perhaps including hearsay and material not related to the charged crime; and perhaps introduced in an *ex parte* manner to the judge who will pronounce defendant's guilt or preside over the jury. *See Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969) (discussing the rationale for the federal rule prohibiting a presentence report from being submitted to the court until defendant has been found guilty). However, unlike submission of a presentence report, those concerns are not the same when the information is delivered in open court, and the victim's participation prior to a

---

3.  Rule 17.4(e) provides:

    **Rejection of Plea.** If an agreement or any provision thereof is rejected by the court, it shall give the defendant an opportunity to withdraw his or her plea, advising the defendant that if he or she permits the plea to stand, the disposition of the case may be less favorable to him or her than that contemplated by the agreement.

    Although the record before us in this special action does not indicate that the trial court specifically complied with this rule, defendant has not been prejudiced in this case, because the ultimate disposition of the matter for trial indicates that the trial court implicitly allowed defendant to withdraw from his guilty plea. Furthermore, that guilty plea will not be admissible against defendant at trial, so the constitutional rights he waived at the change of plea hearing have been restored. *State ex rel. Bowers v. Superior Court,* 173 Ariz. 34, 40, 839 P.2d 454, 460 (App.1992).

defendant's judgment of guilt may differ from case to case. We cannot say, then, that the Rule 17.4(g) requirement of automatic disqualification when a plea is withdrawn after submission of the presentence report should apply as a matter of law whenever the court is exposed to a victim's statements at the change of plea hearing that are influential in the court's decision to reject the plea. For example, one obvious difference between the two situations is that defendant is present when the statements are made at a change of plea hearing, and is therefore aware that they are made and is able to contest them.

■ Rule 17.4(g) simply does not apply in this situation. For us to apply Rule 17.4(g) automatic disqualification to the circumstances in this case would require us to ignore the specific condition precedent that a presentence report have been submitted to the trial judge, which did not occur in this case. As noted in *Chavez*, this court must give strict construction to any provision relating to disqualification of judges in order "to safeguard the judiciary from frivolous attacks upon its dignity and integrity and to ensure the orderly function of the judicial system." 181 Ariz. at 95, 887 P.2d at 625, *quoting State v. Perkins*, 141 Ariz. 278, 286, 686 P.2d 1248, 1256 (1984). We therefore decline to extend the automatic disqualification of Rule 17.4(g) to this case based solely on the potentially prejudicial information to which the victim's statements may have exposed the court.

We point out that defendant's real argument in this case is that the trial judge who rejected his plea agreement based on the prejudicial information related by the victim is now unable to preside over a fair trial. Rule 17.4(g) is not the sole avenue of relief under such circumstances. Defendant has also moved for disqualification for cause on the basis of the following rule:

In any criminal case prior to the commencement of a hearing or trial the state or any defendant shall be entitled to a change of judge if a fair and impartial hearing or trial cannot be had by reason of the interest or prejudice of the assigned judge.

Rule 10.1, Arizona Rules of Criminal Procedure. Pursuant to the parties' stipulation, that motion may be renewed upon the disposition in this special action. We express no opinion on the merits of such a motion.

■ We hold that Rule 17.4(g) does not require automatic disqualification of a trial judge simply because he rejected the plea agreement as too lenient based on the victim's statements at the change of plea hearing.

For the foregoing reasons, we accept special action jurisdiction but deny relief.

CONTRERAS and TOCI, JJ., concur.