980 P.2d 967

**Reg Lynn HILL, Petitioner,**

**v.**

**The Honorable Philip HALL, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF YUMA, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 98–0284.**

Court of Appeals of Arizona, Division 1, Department B.

May 27, 1999.

M. Josephine Sotelo and Michael J. Donovan, Yuma, for Petitioner.

David S. Ellsworth, Yuma County Attorney by Thomas E. Varela, Deputy County Attorney, Phoenix, for Real Party in Interest.

## OPINION

GARBARINO, Judge.

¶1 Petitioner Reg Lynn Hill claims that the trial court erred by denying his request for a change of judge pursuant to Rule 17.4(g) of the Arizona Rules of Criminal Procedure. We hold that an earlier Rule 10.2 change of judge at his request was an exercise of his only peremptory challenge and that he is not entitled to a second peremptory change of judge pursuant to Rule 17.4(g). We accepted jurisdiction and denied relief, with this opinion to follow.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Petitioner was charged with one count of possession of a dangerous drug, one count of possession of drug paraphernalia, two counts of stalking, and one count of misconduct involving weapons. After pleading not guilty to each charge, petitioner requested a change of judge pursuant to Rule 10.2. Judge Thomas C. Cole granted petitioner's request and ordered the case transferred to Judge Philip L. Hall.

¶3 Petitioner then pled guilty to two counts of attempted stalking in exchange for the dismissal of the other charges against him. After petitioner learned that one of the victims opposed probation, petitioner filed a motion to withdraw his guilty plea, which the court granted. Petitioner then requested a change of judge pursuant to Rule 17.4(g). The following exchange took place between petitioner's counsel and Judge Hall:

[COURT:] Anything more at this time, Mr. Donovan?

MR. DONOVAN: Yes. Judge, I would ask it be assigned to another division. I note that in that court, the problem occurred in essence with the court having reviewed the presentence report on this particular matter and obtaining the information. In essence, I believe the purpose of the rule is that once the court has read the presentence report they then are privy, literally, to all the information in the case and we really need to be in a pre-jury trial setting.

THE COURT: In reviewing the file in this matter, Mr. Donovan, I note the defendant has already been granted one automatic change of judge. I don't know if you were aware of that or not.

MR. DONOVAN: Was granted an automatic—was that a—

THE COURT: Peremptory.

MR. DONOVAN:—Simple notice change of judge?

THE COURT: Yes. A simple notice of change of judge.

Following further discussion, the court denied petitioner's request for a change of judge and set the matter for trial. Petitioner filed this special action and the State filed a response.

## JURISDICTION

¶ 4 We accepted jurisdiction because special action relief is appropriate when the issue is whether a judge has refused to transfer a case to another judge after having been requested to do so. *See Chavez v. Superior Ct.*, 181 Ariz. 93, 94, 887 P.2d 623, 624 (App.1994). In addition, this case presents a narrow question of law which is of statewide importance. *See Fiveash v. Superior Ct.*, 156 Ariz. 422, 423, 752 P.2d 511, 512 (App.1988).

## ISSUE

Does the exercise of a peremptory right to a change of judge under Rule 10.2 preclude a later peremptory change of judge under Rule 17.4(g)?

## DISCUSSION

¶ 5 Petitioner argues that the request for a change of judge pursuant to Rule 17.4(g) is not a peremptory challenge and is not precluded by a prior Rule 10.2 change of judge. He further argues that a denial of a request for a change of judge under Rule 17.4(g) violates his right to an impartial judge and threatens the integrity of the judicial system. To support his argument, he cites *Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969), and *Chavez*, 181 Ariz. at 95, 887 P.2d at 625. We disagree with petitioner.

¶ 6 First, Rule 10.2(b), which serves as a complement to Rule 17.4(g), grants to a party the right to a peremptory change of judge upon request. Rule 10.2(b) states:

b. Procedure. A party may exercise his or her right to a change of judge by filing a pleading entitled "Notice of Change of Judge" signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for change of judge, entering upon the record the date of the request and the name of the party requesting. Assignment to another judge shall be made in accordance with the provision of this rule.

Rule 10.2(c) provides that a notice of change of judge must be filed within ten days after the arraignment, filing of the mandate, or actual notice to the requesting party of the case's assignment to a judge. In the event a party fails to exercise his Rule 10.2 peremptory right to a change of judge within the ten day period, that party forfeits his right to a peremptory challenge. However, the loss of the right to a peremptory challenge of a judge in no way affects a party's Rule 10.1 right to a change of judge for cause.

¶ 7 If a defendant desires a change of judge due to the potential prejudice of failed plea negotiations, and he has not exercised his Rule 10.2 right to a change of judge, he may invoke Rule 17.4(g). This rule sets forth:

g. Automatic Change of Judge. If a plea is withdrawn after submission of the presentence report, the judge, upon request of the defendant, shall disqualify himself or herself, but no additional disqualification of judges under this rule shall be permitted.

¶ 8 The purpose of Rule 17.4(g) is limited to extending to the defendant the opportunity to move for an automatic change of judge once the time period has passed allowing for such a request under Rule 10.2. In *Fiveash*, upon which the trial court relied in denying petitioner's request for a change of judge, Fiveash withdrew from a guilty plea and exercised his right to a change of judge under Rule 17.4(g). He later requested a

change of judge under Rule 10.2, which the trial court denied. On appeal, Division Two of this Court denied special action relief, stating,

> Rule 17.4(g) does not, in our view, give rise to an automatic change of judge for cause. Rather, we construe the rule as giving a defendant the opportunity for a peremptory change of judge which would otherwise be unavailable to him because of the expiration of the time limits of Rule 10.2 and because of his participation in the change of plea proceeding. This conclusion is fortified by the fact that Rule 17.4(g) allows only one challenge. If the challenge was truly for cause, the number of challenges should be unlimited.

*Id.* at 425, 752 P.2d at 514.

■ ¶ 9 Rule 10.1 protects the defendant when there are justified concerns about a judge's biases or prejudices which could prevent a fair and impartial hearing or trial. Rule 10.1(b) provides as follows:

> b. Procedure. Within 10 days after discovery that grounds exist for change of judge, but not after commencement of a hearing or trial, a party may file a motion verified by affidavit of the moving party and alleging specifically the grounds for the change. Except for the commencement of a hearing or trial, no event occurring before the discovery shall constitute a waiver of rights to change of judge for cause. Allegations of interest or prejudice which prevent a fair and impartial hearing or trial may be preserved for appeal.

■ ¶ 10 The denial of a second request for a peremptory change of judge based either on Rule 10.2 or Rule 17.4(g) has no effect on a defendant's right to request a change of judge for cause under Rule 10.1. A defendant in a criminal case is entitled to only one peremptory challenge of a judge by way of either Rule 10.2 or Rule 17.4(g). Once a defendant has exercised one peremptory challenge, there are no more. As the *Fiveash* court explained,

> Arizona is in the minority of states that permit peremptory changes of judge in criminal proceedings. Further, our supreme court has cautioned that "any provision relating to disqualification of judges

must be given strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity and to ensure the orderly function of the judicial system." The impartiality of judges is presumed. A construction which would expand the availability of peremptory changes of judge would be inconsistent with these principles.

*Id.* at 425, 752 P.2d at 514 (citations omitted) (quoting *State v. Perkins,* 141 Ariz. 278, 286, 686 P.2d 1248, 1256 (1984), *overruled on other grounds, State v. Noble,* 152 Ariz. 284, 731 P.2d 1228 (1987)).

¶ 11 In *Chavez,* this Court acknowledged that a trial judge may be prejudiced by the information contained in a presentence report and that the defendant's right to a peremptory challenge must be honored. *See* 181 Ariz. at 95, 887 P.2d at 625. However, the defendant in *Chavez* had not exercised his peremptory challenge under Rule 10.2 when he decided to exercise his challenge under Rule 17.4(g).

¶ 12 In *Gregg,* the United States Supreme Court, without reversing, also acknowledged the possible prejudice that may result from a court reviewing the presentence report in violation of Rule 32(c)(1) of the Federal Rules of Criminal Procedure. *See* 394 U.S. at 492, 89 S.Ct. 1134. However, the *Gregg* decision was based on a violation of the federal rules and not upon the automatic creation of prejudice. The federal rules expressly provide that the judge shall not read the presentence report unless the defendant has pled guilty or has been found guilty.

■ ¶ 13 Rule 17.4(g) contains no such prohibition. However, if the judge has reviewed the presentence report prior to the defendant being allowed to withdraw his plea and it appears to the defendant that the judge is prejudiced or biased, the defendant has the option of exercising an unused peremptory challenge or proceeding under Rule 10.1 with a challenge for cause.

¶ 14 In this case, petitioner's claim is unusual because the trial court indicated its intention to impose the bargained-for probationary term despite a victim's opposition to

the imposition of probation and despite a provision of the plea agreement providing that neither the State nor the victims oppose probation. The court did not reject any provision or term of the plea agreement. Instead, it was petitioner who wanted to be released from the terms of the plea agreement because a victim had a change of mind and expressed the opinion that probation was inappropriate. The court maintained its course, clearly intending to impose a probationary term despite a victim's change of position.

## CONCLUSION

¶ 15 For the foregoing reasons, we affirm the trial court's denial of petitioner's request for a change of judge and we deny petitioner's request for relief.

CONCURRING: MICHAEL D. RYAN, Judge.

SULT, P.J., dissenting.

¶ 16 Because I believe that *Fiveash* is wrongly decided, and because the majority perpetuates the error, I respectfully dissent.

¶ 17 *Fiveash* construed Rule 17.4(g) as not being a challenge for cause, a proposition with which I agree. Having decided what the Rule 17.4(g) challenge was not, *Fiveash* then sought a category in which to place such a challenge. In rather summary fashion, *Fiveash* equated the Rule 17.4(g) right to change of judge to the peremptory right to change of judge granted in Rule 10.2.

¶ 18 *Fiveash* offered no analysis of these respective rights to explain why the framers of the Rules of Criminal Procedure would grant the identical right in two separate Rules, intending that the use of one preclude the use of the other, all without so much as even a passing mention by the framers that this was the intended result. Ignoring the conspicuous absence of any express or implied directive that the change of judge rules be so construed, *Fiveash* justified its result on the basis that "any provision relating to disqualification of judges must be given strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity and to ensure the orderly function of the judicial system." 156 Ariz. at 425, 752 P.2d at 514 (quoting *State v. Perkins,* 141 Ariz. 278, 286, 686 P.2d 1248, 1256 (1984)).

¶ 19 As an exercise in statutory construction, *Fiveash* fails on many counts. *See State v. Baca,* 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996) (we construe rules of court applying the tools of statutory construction). We are told that in attempting to ascertain legislative intent, we should consider the statute's context, language used, subject matter, historical background, and the statute's spirit and purpose. *State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). *Fiveash* considered only the subject matter of the two rules, namely challenges to judges, and apparently based on the distasteful (to judges) nature of this subject matter, proceeded to limit the rights granted by the framers of the rules.

¶ 20 Rule 10.2 and Rule 17.4(g) are not identical and should not be treated as interchangeable. Rule 10.2 has its origins in Arizona's Territorial Code and no doubt was a product of the populist philosophy of the time that espoused a mistrust of, and sought limitations upon, government. *See Stephens v. Stephens,* 17 Ariz. 306, 308–11, 152 P. 164, 165–67 (1915) (construing Paragraph 500(4), Civil Code 1913, dealing with an affidavit of bias and prejudice against a judge, and finding it to grant a peremptory challenge which needed no proof). Rule 17, including 17.4(g), was drawn from Rule 11 of the Federal Rules of Criminal Procedure and did not enter Arizona's jurisprudence until 1973. *See* Vol. 16A, Arizona Revised Statutes Annotated, at 1, and Comment to Ariz. R.Crim. P. 17 (1998).

¶ 21 While the two rules may share the same purpose, to effect reassignment of a case to another judge, they do not share the same spirit. From the outset, the peremptory challenge has been exercisable for any reason or even for no reason. *Stephens, supra.* The Rule 17.4(g) change of judge, however, is much more limited in its availability and use than the peremptory challenge and was enacted to meet a specific concern regarding true bias. That concern is the possibility of prejudice infecting a trial

judge from having read a presentence report concerning a defendant who has elected to go to trial after withdrawing from a plea agreement or having it rejected by the judge. *See Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969).

¶ 22 The effects of the two rules are also entirely different. Rule 10.2 is available to all defendants as well as the state, and can be exercised for any reason, including vindictiveness against a particular judge. Because of this, its exercise is far more likely to subject the judiciary to "frivolous attacks upon its dignity and integrity," and far more likely to disrupt "the orderly function of the judicial system." *See Perkins, supra.* Rule 17.4(g), on the other hand, will be used only rarely and then for a very good reason, one which even judges agree implicates the impartiality of the judge to be changed. *See Chavez v. Superior Court*, 181 Ariz. 93, 95, 887 P.2d 623, 625 (App.1994) ("[w]e believe that such prejudice [from reading the presentence report] may arise when a defendant withdraws from a plea prior to its acceptance or when a defendant withdraws from a plea following its rejection"). Clearly, Rule

17.4(g) does not have the capacity to inflict on the judicial system the damage that Rule 10.2 does, and it should not be lumped in with Rule 10.2 and thereby subjected to a "strict construction" which eviscerates it.

¶ 23 Nevertheless, under this guise of "strict" construction, *Fiveash* succeeded in inappropriately withdrawing the protection of Rule 17.4(g) from those whom the framers anticipated would need it. The majority opinion here completes the job of reading Rule 17.4(g) out of the Rules of Criminal Procedure. Because I believe that Rule 17.4(g) serves a valuable function in assuring both the impartiality and appearance of impartiality of the judiciary, and because I believe the framers of the Rules of Criminal Procedure clearly intended that Rule 17.4(g) be considered and interpreted separately from Rule 10.2, I dissent.