199 P.3d 702

**George REED, Petitioner,**

**v.**

**The Honorable Michael BURKE, Judge of the Superior Court of the State of Arizona, in and for the County of La Paz, Respondent Judge,**

**The State of Arizona ex rel. Martin Brannan, La Paz County Attorney, Real Party in Interest.**

No. 1 CA–SA 08–0237.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 4, 2008.

Ella G. Johnson, La Paz County Public Defender, Parker, Attorney for Petitioner.

Martin E. Brannan, La Paz County Attorney, Parker, Attorney for Real Party in Interest.

## OPINION

BARKER, Judge.

¶ 1 Petitioner George Reed seeks special action relief from the trial court's denial of his request for a change of judge under Arizona Rule of Criminal Procedure ("Rule") 17.4(g). We previously issued an order accepting jurisdiction, denying relief, and stating that a written decision would follow. This is that decision.

## I.

¶ 2 It is well established that the denial of a request for a change of judge is appropriate for special action review. *State ex rel. Thomas v. Gordon,* 213 Ariz. 499, 501, 144 P.3d 513, 515 (App.2006) ("Challenges to rulings regarding a party's peremptory request for a change of judge are appropriately reviewed by special action."); *Scarborough v. Superior Court,* 181 Ariz. 283, 284, 889 P.2d 641, 642 (App.1995) ("[S]pecial action is an appropriate procedural vehicle for review of an order denying a motion for a change of judge."). Because there is no equally plain, speedy, or adequate remedy by appeal, special action review is appropriate in this case. Ariz.Rev.Stat. ("A.R.S.") § 12–120.21(A)(4) (2003); Ariz. R. Spec. Act. 1(a).

## II.

¶ 3 The parties do not dispute the following factual and procedural background.[1] On January 22, 2007, the trial court accepted a plea agreement between George Reed and the State of Arizona ("State"). On August 14, 2007, after a presentence report had been submitted, the State withdrew Reed's plea agreement, alleging breach of the agreement. On August 24, 2007, Reed moved *pro se* for a change of attorney. The trial court permitted Reed's attorney to withdraw on August 27, 2007, and appointed the Public Defender's Office to represent Reed.

¶ 4 In the subsequent months, Reed submitted a series of motions. On May 6, 2008, Reed filed a "motion to sentence defendant under accepted plea agreement and to impose a sentence within the legal range." Reed asserted, among other things, that it was error to allow the State to withdraw from the plea, as it violated Reed's rights to avoid being placed in double jeopardy. On June 2, 2008, the trial court denied Reed's motion and also granted Reed's request to stay the proceedings so that he might seek special action review of the trial court's order. We declined jurisdiction of Reed's petition for special action review of this order on July 29, 2008.

¶ 5 On August 7, 2008, Reed moved under Rule 17.4(g) for an automatic change of judge. The trial judge denied the motion as untimely, citing Rule 10.2. The trial judge stated that Reed should have filed his motion within ten days of the State's withdrawal from the plea agreement on August 14, 2007.

## III.

### A.

¶ 6 The critical issue here is whether the ten-day limitation period from Rule 10.2(c) applies to a motion for a change of judge when the triggering event allowing the motion is the withdrawal of a plea under

---

1. None of the motions or notices referenced herein were submitted with the petition. The only matter from the record that was submitted was a transcript of the oral argument and pronouncement of ruling on the notice of change of judge and the minute entry reflecting that ruling.

We have taken judicial notice of matters of record and pleadings filed in an earlier special action to this court between these same parties. *Reed v. Burke/State,* 1 CA–SA 08–0170 (Ariz.App. filed July 28, 2008).

Rule 17.4(g). For the reasons set forth below, we agree with the trial judge and hold that Rule 10.2(c) creates a ten-day window within which any motion for change of judge triggered by Rule 17.4(g) must be filed.

### B.

¶ 7 Rule 10.2(c) provides as follows:

c. Time for Filing. A notice of change of judge in a non-death penalty case shall be filed within ten days after any of the following:

(1) Arraignment, if the case is assigned to a judge and the parties are given actual notice of such assignment at or prior to the arraignment;

(2) Filing of the mandate from an Appellate Court with the clerk of the Superior Court;

(3) In all other cases, actual notice to the requesting party of the assignment of the case to a judge.

Notwithstanding the foregoing provision, if a new judge is assigned to a non-death penalty case fewer than ten (10) days before trial (inclusive of the date of assignment), a notice of change of judge shall be filed, with appropriate actual notice to the other party or parties, by 5:00 p.m. on the next business day following actual receipt of notice of the assignment, or by the start of trial, whichever occurs sooner.

Rule 17.4(g) provides:

g. Automatic Change of Judge. If a plea is withdrawn after submission of the presentence report, the judge, upon request of the defendant, shall disqualify himself or herself, but no additional disqualification of judges under this rule shall be permitted.

This court has examined the relationship between Rule 10.2 and Rule 17.4(g) on at least two prior occasions.

¶ 8 In *Fiveash v. Superior Court,* 156 Ariz. 422, 423, 752 P.2d 511, 512 (App.1988), this court addressed whether a defendant who had exercised a change of judge under Rule 17.4(g) could later request a change of judge under Rule 10.2. We held that a defendant could not request an additional change of judge under Rule 10.2 if he had already exercised a "peremptory challenge" under Rule 17.4(g). *Id.* at 425, 752 P.2d at 514. In so holding, we emphasized that Rule 17.4(g) does not provide a change of judge "for cause," but rather gives a defendant "the opportunity for a peremptory change of judge which would otherwise be unavailable to him because of the expiration of the time limits of Rule 10.2 and because of his participation in the change of plea proceeding." *Id.* Thus, from *Fiveash* we can discern that a motion for, or notice of, change of judge under Rule 17.4(g) effectively functions like, and is subject to, the same requirements as a Rule 10.2 notice, except that Rule 17.4(g) provides a different triggering event for the availability of the notice.

¶ 9 In *Hill v. Hall ex rel. County of Yuma,* 194 Ariz. 255, 980 P.2d 967 (App.1999), we examined whether a defendant who has exercised his right to a change of judge under Rule 10.2 is entitled to an automatic change of judge under Rule. 17.4(g). Relying on our ruling in *Fiveash,* we determined that a defendant may exercise "only one peremptory challenge of a judge by way of either Rule 10.2 or Rule 17.4(g)." *Hill,* 194 Ariz. at 258, ¶ 10, 980 P.2d at 970. Recognizing a complementary relationship between the two rules, we explained that Rule 17.4(g) "extend[s]" the opportunity provided under Rule 10.2(b) to request an automatic change of judge "once the time period has passed allowing for such a request under Rule 10.2" because of "the potential prejudice of failed plea negotiations." *Id.* at 257, ¶¶ 7, 8, 980 P.2d at 969. We noted that "[t]he purpose of Rule 17.4(g) *is limited to* extending to the defendant the opportunity to move for an automatic change of judge once the time period has passed allowing for such a request under Rule 10.2." *Id.* at ¶ 8, 980 P.2d 967 (emphasis added).

¶ 10 Thus, based on the logic and holdings of *Fiveash* and *Hill,* a notice permitted under 17.4(g) is subject to all the applicable limitations of a notice under Rule 10.2, including the ten-day deadline for filing such a notice once the triggering event has occurred.

### C.

¶ 11 In addition to our earlier cases construing Rule 10.2 and Rule 17.4(g), princi-

ples of statutory construction applicable to construing court rules buttress the conclusion that the ten-day deadline of Rule 10.2(c) applies once the triggering event in Rule 17.4(g) has occurred.

¶ 12 In interpreting a rule promulgated by the Arizona Supreme Court, we rely on principles of statutory construction to give effect to the supreme court's intent. *Bergeron ex rel. Perez v. O'Neil,* 205 Ariz. 640, 646, ¶ 16, 74 P.3d 952, 958 (App.2003). When we construe statutes, we read together and harmonize those provisions that address the same material. *Desert Waters, Inc. v. Superior Court,* 91 Ariz. 163, 171, 370 P.2d 652, 657 (1962). When a statutory scheme includes a general statute and a specific statute, "[t]he general statute remains applicable . . . to all matters not dealt with in the specific statute." *Id.; see also Mercado v. Superior Court,* 51 Ariz. 436, 441, 77 P.2d 810, 812 (1938) ("[W]here . . . there are two provisions applicable to the same subject, one general in its scope and the other covering a limited portion only of the subject included in the general one, the special statute is to be considered as governing the exception, while the general statute applies only to matters not included in the special one.").

¶ 13 In addition, we strictly construe "any provision relating to disqualification of judges." *Fiveash,* 156 Ariz. at 425, 752 P.2d at 514 (internal quotation marks omitted). We apply a strict construction for three primary reasons. First, we recognize a need "to safeguard the judiciary from frivolous attacks upon its dignity and integrity." *Id.* Second, a strict construction helps to ensure the "orderly operation of the judicial system." *Gordon,* 213 Ariz. at 504, ¶ 27, 144 P.3d at 518. Third, we recognize the potential for abuse of the peremptory challenge. *Id.* Therefore, we avoid construing these provisions in a way that "would expand the

availability of peremptory changes of judge." *Fiveash,* 156 Ariz. at 425, 752 P.2d at 514.

¶ 14 As we apply these principles here, we consider that both Rule 10.2 and Rule 17.4 address requests for an automatic change of judge. Rule 10.2 is a general rule that establishes both parties' right to a change of judge upon request. It establishes a procedure for making the request and a time for filing. Rule 17.4(g) is a more specific rule that addresses a peremptory change of judge only in the specific context when a "plea is withdrawn after submission of the presentence report." Although Rule 17.4(g) provides a triggering event for the filing of a notice, unlike Rule 10.2, it does not set forth a deadline by which the notice must be filed. Applying the rule of construction that the general rule applies to matters not included in the specific rule results in the conclusion that the ten-day deadline from Rule 10.2(c) applies to the revised triggering date that Rule 17.4(g) permits.

¶ 15 Additionally, to construe Rule 17.4(g) as not containing a deadline for the filing of a notice triggered by Rule 17.4(g) would lead to an absurd result. With no deadline for the filing of a notice triggered by Rule 17.4(g), a party could theoretically delay filing such a notice even up to or during the trial itself. We are to construe rules to avoid absurd results. *State v. Flores,* 160 Ariz. 235, 239, 772 P.2d 589, 593 (App.1989) ("In construing a statute, courts should give the statute a sensible construction . . . which will avoid absurd results.").

**D.**

¶ 16 Reed argues that, even if the ten-day time limit of Rule 10.2(c) applies to his Rule 17.4(g) motion, his motion is still timely because it was filed within ten days of the appellate court's "mandate" denying his special action petition on the issue of double jeopardy.[2] For a number of reasons, we disagree.

---

**2.** Reed asserts other arguments in both his petition and his reply. However, we have no record before us showing that these arguments were raised in the trial court. Accordingly, we consider them waived and do not address them. *State v. Lopez,* 170 Ariz. 112, 117, 822 P.2d 465, 470 (App.1991) (holding that the defendant waived

his argument because "[the] argument was not raised in the trial court"); *see also State v. Wirtanen,* 117 Ariz. 129, 131, 571 P.2d 275, 277 (1977) (declining to consider argument when the relevant transcript was not included in the record). The State also raises other arguments to support its position, including waiver based on Rule 10.4.

¶ 17 First, Rule 17.4(g) triggers a right to request an automatic change of judge (if not already exercised) only in the very limited context of a withdrawn plea agreement after the submission of the presentence report. In contrast, Rule 10.2(c)(2) provides for a separate triggering event that may permit a notice (again, if not already exercised) based on the "[f]iling of the mandate from an Appellate Court with the clerk of the Superior Court." The prior special action in this case resulted in this court declining jurisdiction. No mandate was ever issued as jurisdiction was never taken. The record simply shows an order declining to accept jurisdiction. Additionally, the triggering event to which Rule 10.2(c)(2) relates is limited by Rule 10. 4(b). That rule provides that "[w]hen an action is remanded by an Appellate Court *for a new trial*," the right to a change of judge is renewed.[3] Rule 10.4(b) (emphasis added); *see Gordon*, 213 Ariz. at 502, ¶ 15, 144 P.3d at 516 (*"[W]hen an action is remanded for a new trial*, the right renewed by Rule 10.4(b) is the right to 'a change of judge' established by Rule 10.2(a).") (emphasis added). There was no order for a new trial here. Thus, there is no right in this case to file a change of judge under Rule 10.2(c)(2).

¶ 18 Secondly, Reed could have preserved his right to an automatic change of judge under Rule 17.4(g) had he petitioned for special action review and simultaneously requested and received a stay during the ten-day period following the withdrawal of the plea agreement. He did not do so. The court granted its order permitting the State to withdraw from the plea agreement on August 14, 2007. As set forth herein, to invoke a right under Rule 17.4(g), the ten-day limiting period of Rule 10.2(c) required that a notice be filed by August 24, 2007. In this case, the record available to us shows that the motion contesting the order permitting the withdrawal of the plea was not filed until May 6, 2008, almost ten months later. Within the ten-day time period of Rule 10.2(c), Reed did not file a motion contesting the ruling on the motion to withdraw or a special action to contest the matter with a stay to preserve the ten-day time period while any subsequent motions were considered. Accordingly, we need not decide whether such a request or combination of requests could act to stay the ten-day window. On the record before us, any rights under Rule 17.4(g) had clearly expired.

### Conclusion

¶ 19 For the foregoing reasons, we affirm the trial court's ruling denying Reed's request for a peremptory change of judge.

CONCURRING: MICHAEL J. BROWN, Presiding Judge and MARGARET H. DOWNIE, Judge.

We need not and therefore decline to address these arguments, given our ruling on the applicability of Rule 10.2(c).

**3.** The full text of Rule 10.4(b) is as follows:

Renewal. When an action is remanded by an Appellate Court for a new trial on one or more offenses charged in the indictment or information, all rights to change of judge or place of trial are renewed, and no event connected with the first trial shall constitute a waiver.