902 P.2d 1340

**STATE of Arizona, Appellee,**

v.

**Timothy Eugene TACKMAN and Scott Alan Tackman, Appellants.**

Nos. 1 CA–CR 92–1263, 1 CA–CR 92–1297 and 1 CA–CR 92–1316.

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 1, 1994.

Review Denied Sept. 26, 1995.*

---

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Asst. Atty. Gen., Chief Counsel, Crim. Appeals Section, and Christopher E. Avery, Asst. Atty. Gen., Crim. Appeals Section, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper and James L. Edgar, Deputy Public Defenders, Phoenix, for appellants.

## OPINION

McGREGOR, Presiding Judge.

In this appeal, we consider whether a superior court judge has authority to appoint a special master to recommend factual findings related to restitution and, if so, whether a defendant possesses a right to a peremptory change of the special master appointed. We have jurisdiction under Arizona Revised Statutes Annotated ("A.R.S.") sections 12–120.21 (1992), 13–4031 (1989), and 13–4033 (Supp. 1993). For the reasons that follow, we affirm.

### I.

Timothy Eugene Tackman and Scott Alan Tackman (appellants) pled guilty to one count each of trafficking in stolen property, a class 3 felony. Pursuant to plea agreements, appellants agreed to forfeit all rights to approximately 1,100 items of property that police seized from appellants' business.[1] An addendum to each plea agreement listed each item of seized property. Each listed item was to be either returned to its rightful owner or sold at auction for the benefit of the multiple victims of appellants' trafficking scheme. Further, appellants agreed to assist the police in identifying the persons from whom the listed property had been stolen.

Appellants agreed to pay restitution to any victim they subsequently identified, subject to a two million dollar cap set forth on the record as part of the plea. The state acknowledged that the cap was an inflated estimate because, when the parties entered the plea agreement, the state could not yet match numerous items of stolen property with their owners.

Based on the information secured during the victim identification process, the state prepared a restitution ledger indicating that appellants owed approximately $680,000.00 in restitution. At appellants' request, Judge Maurice Portley, the sentencing judge, ordered a restitution hearing before sentencing. Because he expected the hearing would be lengthy and would involve many witnesses, Judge Portley appointed Commissioner Stephen Ventre as a special fact-finding master to conduct the restitution hearing and report his findings to the sentencing court.

Relying upon their interpretation of Rule 10.2 of the Arizona Rules of Criminal Procedure (Rule), both appellants filed a notice of peremptory change of judge relative to the assignment of Commissioner Ventre. Judge Portley denied the requests for change of judge, holding the requests inappropriate because Commissioner Ventre was to act only as a fact finder and not as a judge.

---

1. In addition, each appellant agreed to a stipulated, aggravated term of ten years imprisonment and, in the case of Scott Tackman, an additional, concurrent term of imprisonment for his probation violation in CR 89–01375. Under the plea agreements, the state agreed to dismiss the remaining count in each indictment and also agreed not to file any additional charges that could arise out of appellants' cooperation with the police in identifying the owners of the listed items of stolen property. Scott Tackman received an additional benefit of the dismissal of a separate forgery indictment in CR 90–09981.

Commissioner Ventre conducted the restitution hearing over the course of four separate days. During the four days, sixteen witnesses testified and Commissioner Ventre received numerous documentary exhibits as evidence. Commissioner Ventre wrote a comprehensive summary of the type and amount of the financial claim that each victim/witness presented at the hearing, along with his findings regarding the amounts that the sentencing court should allow or disallow as restitution. Appellant Timothy Tackman objected to some of Commissioner Ventre's findings and the state responded. Judge Portley held a hearing and took Timothy Tackman's objections under advisement.[2]

At the sentencing proceeding, Judge Portley sustained nearly every objection that Timothy Tackman raised to Commissioner Ventre's restitution findings. Accordingly, Judge Portley subtracted approximately $20,000 from Commissioner Ventre's total restitution figure of $110,545.01, gave appellants credit for $9,360.61 that the Chandler Police Department recovered, and ordered that appellants be jointly and severally liable for the remaining $80,942.90.[3]

## II.

### A.

■ Appellants first challenge the sentencing court's power to appoint a special master to hear evidence on restitution. Appellants do not dispute that, upon conviction, a criminal defendant must make restitution to the victim for the full amount of the victim's economic loss, see A.R.S. section 13–603(C) (1989 & Supp.1993), or that section 13–603(C) imposes a duty on the sentencing court to determine the amount of the victim's economic loss. *State v. Scroggins*, 168 Ariz. 8, 9, 810 P.2d 631, 632 (App.1991). Appellants argue, however, that Judge Portley lacked authority to appoint a special master to hear evidence related to restitution, basing their argument on the lack of express authorization of that procedure in the Arizona Rules of Criminal Procedure.

Appellants' argument is correct as far as it goes; the Rules of Criminal Procedure do not address or authorize the procedure adopted by Judge Portley. We find, however, ample constitutional and inherent authority to justify a superior court judge in appointing a special master to conduct restitution hearings.

■ The Arizona Constitution provides that "[j]udges of the superior court may appoint court commissioners, masters and referees in their respective counties, who shall have such powers and perform such duties as may be provided by law or by rule of the supreme court." Ariz. Const. art. VI, § 24. The Constitution does not limit the superior court's authority to any particular proceeding.[4]

Even if the constitutional reference were not clear, we would find sufficient basis for Judge Portley's actions in the court's "inherent power and discretion to adopt special, individualized procedures designed to pro-

---

**2.** Judge Portley initially entered a written order denying any restitution to victims of offenses to which appellants had not pled guilty. The state filed a motion to reconsider on the ground that appellants had agreed to pay restitution to the victims of the unfiled charges as reflected in the comprehensive addendum to the plea agreements and as reflected on the record at the change of plea proceedings. By written order thereafter, Judge Portley granted the state's motion to reconsider and reversed the prior ruling after a complete review of the extensive record involved in the case.

We reviewed the record on appeal and conclude that Judge Portley was correct in his subsequent finding that appellants agreed to pay and that the plea agreements contemplated restitution encompassing the victims of the unfiled criminal charges. *See State v. Zierden*, 171 Ariz.

44, 46, 828 P.2d 180, 182 (App.1992) ("admission made in open court and on the record, or in a writing prepared for filing with the court and signed by the defendant such as a plea agreement" may provide sufficient guarantees of trustworthiness to justify additional burden that order of restitution imposes upon defendant).

**3.** Defendant Scott Tackman also received a concurrent sentence of time served (718 days of presentence incarceration) as a result of the revocation of his probation in CR 89–01375.

**4.** Because Commissioner Ventre served as a special master without authority to exercise the judicial powers of a judge of the superior court, Rule 91, Rules of the Arizona Supreme Court, does not apply.

mote the ends of justice in each case that comes before them." *Hedlund v. Sheldon,* 173 Ariz. 143, 146, 840 P.2d 1008, 1011 (1992). Although the use of a special master to conduct a restitution hearing may not be appropriate in every criminal case, Judge Portley's use of the specialized procedure here was designed to promote justice in the case before him. Judge Portley indicated that he appointed Commissioner Ventre because he expected the restitution hearing to be extensive and involve numerous witnesses. That prediction proved accurate: during four days of restitution hearings, sixteen witnesses ultimately testified.

We conclude that the trial judge's appointment of a special master did not constitute an abuse of his discretion.

### B.

Appellants next argue that they had a right to a peremptory change of the special master under Rule 10.2. Again we disagree.

■ Rule 10.2 permits any party, upon timely request, to obtain a peremptory change of judge. The right attaches whenever an action is assigned to a new judge, even when the case is reassigned after entry of a guilty plea. *See State v. Barnes,* 118 Ariz. 200, 202, 575 P.2d 830, 832 (App.1978) (both parties entitled to impartial judge at any stage of proceeding; state's notice of change of judge upon reassignment of case after plea, but before sentencing, was timely).

■ Here, no assignment or reassignment to a different judge ever occurred. Judge Portley, the superior court judge to whom the cases were assigned for entry of judgment and sentence, retained jurisdiction over each case. He simply used his authority to appoint a special master to take proof and report any conclusions regarding the restitution issues.

■ We have considered the fact that a special master as a fact finder is in a key position to determine the outcome of the case. Although no provision exists for the peremptory removal of a special master, two important safeguards remain for the protection of parties who are dissatisfied with the person placed in that position. First, the parties have the right to contest the special master's findings within the time limits prescribed by statute. *See* Ariz.R.Civ.P. 53(h).[5] Timothy Tackman's defense counsel took advantage of the provision allowing appellant to object to Commissioner Ventre's report. Tackman benefitted from the procedure when Judge Portley reviewed the report and modified the special master's findings in response to the objections.[6] Second, the judge—the ultimate fact finder—remains subject to a peremptory challenge.

We find no error in the order denying the appellants' change of judge request.

### III.

We reviewed the record for fundamental error pursuant to A.R.S. section 13–4035 (1989) and found none. For the foregoing reasons, we affirm the convictions and sentences imposed.

KLEINSCHMIDT and CLABORNE, JJ., concur.

---

5. In the absence of any inconsistency between the criminal and civil rules, a criminal court may rely on the civil rules for a delineation of its powers. *Stewart v. Superior Court,* 163 Ariz. 227, 231 n. 3, 787 P.2d 126, 130 n. 3 (App.1989).

6. We note that Judge Portley's use of a special master highlights the due process concerns raised in restitution hearings. *See State v. Fancher,* 169 Ariz. 266, 268, 818 P.2d 251, 253 (App.1991). The procedure utilized here satisfies these due process concerns. *See id. See also* *State v. Lewus,* 170 Ariz. 412, 414, 825 P.2d 471, 473 (App.1992) (holding that defendant's due process rights were not properly protected because court did not give defendant opportunity to contest information on which restitution award was based). Here, appellants were permitted to participate in the restitution hearings and objected to Commissioner Ventre's findings. Judge Portley considered the objections and accepted most of them.