IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| DARREN CLAY MEDDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2 CA-SA 2004-0017 |
| | ) | DEPARTMENT B |
| THE HONORABLE JAMES L. | ) | |
| CONLOGUE, Judge Pro Tempore of the | ) | O P I N I O N |
| Superior Court of the State of Arizona, in | ) | |
| and for the County of Cochise, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Cochise County Cause No. CR-200300718

RELIEF GRANTED

Mark A. Suagee, Cochise County Public Defender
  By David W. Thorn and Kelly A. K. Smith                                    Bisbee
                                                          Attorneys for Petitioner

Chris M. Roll, Cochise County Attorney
  By Jack M. Williams                                                        Bisbee
                                              Attorneys for Real Party in Interest

E C K E R S T R O M, Judge.

**¶1**     Petitioner Darren Medders seeks special action relief from the respondent judge's order in the underlying criminal prosecution denying Medders's notice of peremptory change of the same judge on the ground that Medders had waived his right to do so by appearing earlier before that judge in a contested matter.  As Medders has no equally plain, speedy, or adequate remedy by appeal of a denial of notice of change of judge, special action review is appropriate.  *See* Ariz. R. P. Spec. Actions 1(a), 17B A.R.S.; *Bergeron ex rel. Perez v. O'Neil*, 205 Ariz. 640, ¶¶ 11-12, 74 P.3d 952, 957-58 (App. 2003); *see also Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996) (appellate review of denial of notice of peremptory change of judge in civil case must be obtained by special action because "an appeal makes no sense").  Moreover, this special action requires us to interpret and harmonize rules of criminal procedure and to resolve an issue of first impression and statewide importance.  *See Bergeron*, 205 Ariz. 640, ¶ 12, 74 P.3d at 958.  Accordingly, we accept jurisdiction, and because we find the respondent judge proceeded in excess of his jurisdiction and legal authority, Rule 3(b), Ariz. R. P. Spec. Actions, we grant relief.

**¶2**     The central issue here is whether a party who participates in a contested hearing before a judge who is not assigned the case but merely hears the contested motion has waived the right to a peremptory change of judge pursuant to Rule 10.2, Ariz. R. Crim. P., 16A A.R.S., when the case is later reassigned to the judge who heard the contested hearing.  The

rule provides that, in any noncapital criminal case, "each side is entitled as a matter of right to a change of judge." Ariz. R. Crim. P. 10.2(a). Subsection (c) states that notice of a peremptory change of judge pursuant to Rule 10.2(a) may be filed within ten days after (1) the arraignment, if the case is assigned to a judge at that point; (2) the filing of a mandate from an appellate court; or (3) "[i]n all other cases, actual notice to the requesting party of the assignment of the case to a judge." Rule 10.4(a), entitled "Waiver," provides: "A party loses the right under Rule 10.2 to a change of judge when the party participates before that judge in any contested matter in the case . . . ."

¶3   A Cochise County grand jury returned an indictment against Medders, and the case was assigned to Division One, Judge Collins, in August 2003. In February 2004, Medders, who apparently was being held on a $250,000 bond, filed a motion with Judge Collins to modify the conditions of his release. The state filed a response in opposition, also with Judge Collins. A hearing was set on the form of order submitted by Medders. Although Judge Collins's name was in the caption, the order was signed by the respondent judge and filed February 9. After a contested hearing before the respondent judge on February 23, the respondent judge denied the motion to modify conditions of release. His order also "confirm[ed] the jury trial previously scheduled for Monday, March 22, 2004, at 9:00 a.m. in Division One of this Court [before Judge Collins]."

¶4   On March 11, Judge Collins vacated the March 22 trial date in his division and reset it for March 22 in front of the respondent judge in Division Five. On March 12,

3

Medders filed a notice of change of judge pursuant to Rule 10.2, in compliance with the procedural requirements of Rule 10.2(b). The state apparently filed a written opposition to the notice, although it is not part of the record before us. The respondent judge did not reassign the case but held a hearing on the notice. Medders objected to the respondent judge's hearing the notice, but the respondent judge maintained that he had authority to determine whether the notice had been timely filed. The respondent judge then found that Medders had waived his right to a peremptory change of judge by appearing before him at the contested release-conditions hearing and denied it. This court granted Medders's request for an interlocutory stay of the trial pending the outcome of this special action.

¶5        Medders contends, as he did below, that (1) there was no waiver under Rule 10.4(a), and (2) it was error for the respondent judge, rather than the presiding judge, to rule on his Rule 10.2 notice. Because we are able to answer the waiver question as a matter of law, it is irrelevant which judge made the decision, and we need not decide the latter issue.[1]

---

[1]The rules are unclear and somewhat contradictory on this point. It would be consistent with the purpose of Rule 10.2 to remove from the process entirely the judge who is the subject of the Rule 10.2 notice. It avoids any confrontation between lawyer and judge and any potential resulting acrimony or bitterness. *See Bergeron ex rel. Perez v. O'Neil*, 205 Ariz. 640, n.3, 74 P.3d at 952, n.3 (App. 2003). On the other hand, Rule 10.5(a) requires that a case be transferred immediately to the presiding judge upon the filing of a Rule 10.2 notice, suggesting that the presiding judge has authority over the notice. But Rule 10.5(a) says only that the presiding judge "shall reassign the case to a new judge." Rule 10.2(d) is similar. If the presiding judge's only authority is to perform a ministerial duty in reassigning the case, the question of who decides timeliness and waiver questions under Rules 10.2 and 10.4 remains open. In a similar vein, Rule 10.6 prohibits a judge from taking further action in a case when transferring it to the presiding judge after a Rule 10.2 request is "timely filed," suggesting that the timeliness question must be answered before the case is transferred to the

¶6        The state argues the respondent judge correctly concluded that, under the plain language of Rule 10.4(a), Medders waived his right to notice the respondent judge by appearing before him in the contested release-conditions hearing.  The state's position is not without merit.  Medders certainly participated before the respondent judge in a contested matter that resulted in that judge rejecting his motion to modify his conditions of release.  In doing so, Medders arguably implicated the apparent purpose of Rule 10.4(a) because he fortuitously received information that could have proved useful in his later assessment of whether to file the Rule 10.2 notice against the same judge.  *See Williams v. Superior Court*, 190 Ariz. 80, 82, 945 P.2d 391, 393 (App. 1997) ("The waiver provisions of Rule 42(f)[, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, civil equivalent to Rule 10.2,] are intended to prohibit a party from peremptorily challenging a judge after discovering the judge's viewpoint on any significant aspect of the case."); *see also Taliaferro*, 186 Ariz. at 222, 921 P.2d at 22 ("The purpose of the [civil] waiver rule is to prevent parties from testing the waters and then filing a notice.").

¶7        However, the state does not argue that, at the time the release-conditions hearing was set before the respondent judge, he was "assigned" the case for purposes of Rule

_____

presiding judge.  There is, however, no equivalent timeliness language in Rule 10.5(a).  Finally, we note that in the equivalent provision for peremptory change of judge in civil cases—Rule 42(f)(1), Ariz. R. Civ. P., 16 A.R.S., Pt. 1—the judge whose removal is being sought decides timeliness and waiver pursuant to Rule 42(f)(3)(B), Ariz. R. Civ. P.  *See Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996).  However, there is no equivalent provision in the Rules of Criminal Procedure.

10.2(c)(3). Nor was the respondent judge's denial of the Rule 10.2 notice based on any such premise. Indeed, at the hearing on the Rule 10.2 notice, the respondent judge was clear that he had not been the assigned judge at the time of the February 23 release-conditions hearing, stating, "I was not assigned to the case. I had no idea whatsoever that I would be involved in the trial of this matter until March 11." At that point in time, the case was still assigned to Judge Collins. Thus, Medders presumably could not have filed a notice of peremptory change of the respondent judge upon receiving notice in early February that the respondent judge would hear the release-conditions matter.[2]

¶8      The respondent judge's finding of waiver on these facts is therefore incompatible with the concept of waiver itself. "A waiver is a voluntary relinquishing of a known right." *Marsin v. Udall*, 78 Ariz. 309, 312, 279 P.2d 721, 723 (1955). "[B]efore one can be said to have waived the right [to a change of judge], he must first have had an opportunity to exercise it." *Id.; see also JV-132324 v. Superior Court*, 181 Ariz. 337, 343, 890 P.2d 632, 638 (App. 1995) ("[I]t is established law that the right to a peremptory change of judge or commissioner cannot be waived under [Ariz. R. Civ. P.] 42(f)(1)(C) unless the

---

[2]Rule 10.2(c)(3) provides, in relevant part, that "[a] notice of change of judge in a non-death penalty case shall be filed within ten days after . . . actual notice to the requesting party of the assignment of the case to a judge." Rule 10.2(c) contains no provision authorizing a party to seek a change of judge before the judge in question has been assigned to the case. *See State v. Tackman*, 183 Ariz. 236, 239, 902 P.2d 1340, 1343 (App. 1994) (commissioner appointed as special master to conduct restitution hearing and make factual findings in criminal cases not subject to Rule 10.2 request because assigned judge retained ultimate jurisdiction over cases).

party has had the opportunity to exercise that right."). Because Medders never had a Rule 10.2 right to a peremptory change of the respondent judge upon notice he would preside at the release-conditions hearing, he cannot have relinquished any such right at that time. Accordingly, he did not waive his right to a peremptory change of the respondent judge at that stage of the prosecution.

¶9 This special action ultimately requires us to construe Rule 10.4(a). We must determine whether, in providing that "[a] party loses the right under Rule 10.2 to a change of judge when the party participates before that judge in any contested matter in the case," Rule 10.4(a), the phrase "that judge" refers merely to the judge presiding over the contested matter, as the respondent judge determined, or to the judge who is assigned the case for purposes of Rule 10.2 at the time of the contested hearing. In construing procedural rules promulgated by our supreme court, we employ the traditional tools of statutory construction. *Bergeron*, 205 Ariz. 640, ¶ 16, 74 P.3d at 958. If, as here, "'the language . . . is inconclusive or ambiguous, we then consider other factors such as [its] context, subject matter, effects, consequences, spirit, and purpose.'" *Id.*, *quoting Vega v. Sullivan*, 199 Ariz. 504, ¶ 8, 19 P.3d 645, 648 (App. 2001).

¶10 Arguably, the respondent judge's interpretation of the term "that judge" in the waiver provision of Rule 10.4(a) is justified based on the syntax in that subsection of Rule 10 alone. But, "[i]t is a cardinal rule of construction that statutory provisions must be considered in the context of the entire statute and consideration must be given to all of the

7

statute's provisions to determine the legislative intent manifested by the entire act." *Guzman v. Guzman*, 175 Ariz. 183, 187, 854 P.2d 1169, 1173 (App. 1993). The respondent judge's interpretation of the Rule 10.4(a) waiver provision, which is essentially an exception to Rule 10.2, rendered Rule 10.2 unavailable to Medders with respect to the respondent judge, an intent we cannot ascribe to the promulgators of Rule 10. *See Arizona's Towing Prof'ls, Inc. v. State*, 196 Ariz. 73, ¶ 15, 993 P.2d 1037, 1040 (App. 1999) ("Where a procedural requirement protects important rights or interests, a[n] . . . exception to that requirement should be construed narrowly or the exception may swallow the rule."). With the foregoing principles in mind, and construing Rule 10.4(a) in the context of the whole of Rule 10, we conclude "that judge" in Rule 10.4(a) means the judge who is assigned the case for purposes of Rule 10.2 at the time of the contested hearing. *See State v. Cozad*, 113 Ariz. 437, 438, 556 P.2d 312, 313 (1976) (assigned judge for Rule 10.2 purposes is judge who is scheduled to preside over trial). Accordingly, Medders did not waive his right to a peremptory change of judge as to the respondent by appearing before him at the release-conditions hearing, notwithstanding that the hearing was contested, because Judge Collins was assigned to the case at that time.

¶11 This situation may have arisen as an unintended consequence of the Cochise County Superior Court's attempt to efficiently administer its docket by allowing one division to hear relatively minor matters in cases assigned to another division. While such a goal is laudable, it is neither surprising nor particularly alarming that such administrative efforts

8

would result in Medders's exposure to a different judge and that he might gain a slight windfall by using perceptions gleaned from that exposure to decide to exercise a Rule 10.2 challenge. This result, if objectionable, could have been avoided by reassigning the case from Judge Collins to a judge other than the respondent judge. *See Marsin*, 78 Ariz. at 316-17, 279 P.2d at 726 (Udall, J., and Phelps, J., specially concurring) (suggesting that similar problems arising under local court rules providing for one judge to preliminarily preside over case in early stages before case is assigned to a judge for trial easily avoided by always assigning trial to judge who has not participated in case).

**¶12** For the reasons stated above, we find the respondent judge proceeded in excess of his jurisdiction and legal authority by finding Medders waived his right to assert a Rule 10.2 notice of change of judge as to the respondent. We therefore accept jurisdiction and grant relief by reversing the respondent's order and vacating the stay of proceedings previously entered by this court.

 

 

 

_____
PETER J. ECKERSTROM, Judge

CONCURRING:

 

 

_____
JOHN PELANDER, Presiding Judge

9

E S P I N O S A, Chief Judge, specially concurring.

**¶13** I concur in the reasoning and resolution of this exceedingly close case. I write separately only to point out, consistent with my dissent in *Bergeron*, that Rule 10.2 appears rife with unintended consequences, as exemplified in this case, and that our conclusion, while well supported by the principles of statutory construction, hardly promotes or "'ensure[s] the orderly function of the judicial system.'" *Fiveash v. Superior Court of Ariz.*, 156 Ariz. 422, 425, 752 P.2d 511, 514 (App. 1988), *quoting State v. Perkins*, 141 Ariz. 278, 286, 686 P.2d 1248, 1256 (1984), *overruled on other grounds, State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987) (noting Arizona among minority of states permitting peremptory change of judge in criminal proceedings and holding that defendant who withdrew from guilty plea was not entitled to additional change of judge to whom case was reassigned).

_____

PHILIP G. ESPINOSA, Chief Judge