IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

NOV -2 2005

COURT OF APPEALS
DIVISION TWO

LISA ARNETTE NIKONT,

        Petitioner,

      v.

HON. HOWARD HANTMAN, Judge of
the Superior Court of the State of
Arizona, in and for the County of Pima,

        Respondent,

      and

THE STATE OF ARIZONA,

        Real Party in Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2 CA-SA 2005-0072
DEPARTMENT A

O P I N I O N

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR-20011407

RELIEF DENIED

Robert J. Hooker, Pima County Public Defender
  By Lori J. Lefferts                                    Tucson
                                           Attorneys for Petitioner

Barbara LaWall, Pima County Attorney
  By Taren M. Ellis                                      Tucson
                                         Attorneys for Real Party
                                              in Interest

B R A M M E R, Judge.

¶1 Petitioner Lisa Nikont seeks special action relief from the respondent judge's ruling denying her request in the underlying criminal proceeding for a change of judge pursuant to Rule 10.2, Ariz. R. Crim. P., 16A A.R.S.[1] Nikont filed her request after this court granted her post-conviction relief, vacated her aggravated sentences, and remanded the case for resentencing based on our conclusion that the sentences had been imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

¶2 Because the ruling denying the request for a change of judge is not an appealable order, *see* A.R.S. § 12-2101, Nikont necessarily does not have "an equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Actions 1(a), 17B A.R.S.; *see Medders v. Conlogue*, 208 Ariz. 75, 90 P.3d 1241 (App. 2004). And, because the strictly legal issue is one of first impression and of statewide importance that may recur, *see Medders; Fragoso v. Fell*, 210 Ariz. 427, 111 P.3d 1027 (App. 2005), we accept jurisdiction of the special action. But we conclude the respondent judge did not abuse his discretion in denying Nikont's request for a change of judge and deny relief.

¶3 Pursuant to a plea agreement, Nikont was convicted of manslaughter, leaving the scene of an accident causing injury, and driving under the influence of an intoxicant. The

---

[1]In addition to arguing that the respondent judge abused his discretion in denying her request for a change of judge, Nikont argues that he exceeded his authority by ruling on the request himself rather than asking the presiding judge of the superior court to rule on it. Because we conclude Nikont has no right to a change of judge, however, we do not address the argument.

respondent judge sentenced her to concurrent, aggravated prison terms of twenty-one years and seven years, to be followed by a four-year term of probation.

¶4 Nikont sought post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., challenging the aggravating circumstances on which the judge had relied. After the respondent denied relief, she petitioned for review in this court. This court granted relief under *Blakely* and remanded the case for resentencing. We issued our mandate on June 8, 2005, the superior court filed the mandate on June 10, and Nikont filed a notice of change of judge on June 15. The respondent judge denied the request at a status conference on June 17, relying on the last sentence of Rule 10.2(a) which states, in part, that "the right to a change of judge shall be inapplicable to . . . remands for resentencing."

¶5 Rule 10.2(a) provides that each side in a criminal case "is entitled as a matter of right to a change of judge." A party exercises the right by filing a notice of change of judge within ten days of, among other circumstances, the filing of an appellate court mandate with the clerk of the superior court. Ariz. R. Crim. P. 10.2(c)(2). Nikont filed her notice within the time limit of Rule 10.2(c)(2). But Rule 10.4(a) provides that a party loses the right to a peremptory change of judge by entering a change of plea pursuant to Rule 17, Ariz. R. Crim. P., 16 A.R.S., as Nikont did. Nikont contends that, although she entered a guilty plea pursuant to Rule 17, she is nonetheless entitled to a change of judge as a matter of right under Rule 10.4(b) because this court remanded her case for a new trial. Rule 10.4(b) provides as follows:

**b. Renewal.** When an action is remanded by an Appellate Court for a new trial on one or more offenses charged in the indictment or information, all rights to change of judge or place of trial are renewed, and no event connected with the first trial shall constitute a waiver.

¶6        We remanded Nikont's case for resentencing, contemplating she would receive a jury trial on the existence of aggravating circumstances in compliance with the holding in *Blakely*, not a new trial on any of the offenses charged in the indictment.  In fact, Nikont did not challenge her convictions in the post-conviction proceeding; she challenged only the sentences.  Accordingly, we reject her argument that her right to a change of judge as a matter of right was renewed under Rule 10.4(b).

¶7        We agree with the respondent judge's conclusion that the controlling language is in the final sentence of the version of Rule 10.2(a) the supreme court adopted on June 8, 2004, that became effective on October 1, 2004.  208 Ariz. XLIV, XLVI-XLVII (2004).  That sentence reads:  "Notwithstanding the foregoing provision, the right to a change of judge shall be inapplicable to Rule 32 petitions for post-conviction relief or remands for resentencing."  Ariz. R. Crim. P. 10.2(a).  Nikont's case falls squarely within the latter restriction.  That she may now receive a jury trial on the existence of aggravating circumstances is simply incidental to the relief we granted on review—the remand of her case for resentencing.

¶8        Although our supreme court adopted the pertinent language in Rule 10.2(a) approximately two weeks before the United States Supreme Court decided *Blakely*, our

4

supreme court did not change that language in the following months before the rule change became effective. Until informed otherwise, therefore, we presume the court did not believe *Blakely* required any change in the final sentence of Rule 10.2(a). Moreover, the court adopted the language after it decided *State v. Ring*, 204 Ariz. 534, 65 P.3d 915 (2003). In that case, in response to the United States Supreme Court's ruling in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), our supreme court upheld the statutory changes requiring that a jury decide the sentencing factors in capital cases. Therefore, the supreme court was aware of the possibility of a jury's involvement in resentencing when it included the new language in Rule 10.2(a). Had it intended to except those resentencing procedures that involved jury trials from the exclusionary language of Rule 10.2(a), it would have expressly done so.

¶9 Accordingly, although we accept jurisdiction of this special action, we deny special action relief and affirm the respondent judge's ruling.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

_____
JOSEPH W. HOWARD, Presiding Judge

_____
PETER J. ECKERSTROM, Judge

5