IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| SCOTT DOUGLAS NORDSTROM, | ) | 2 CA-SA 2007-0012 |
| | ) | DEPARTMENT A |
| Petitioner, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| HON. JOHN LEONARDO, Judge of the | ) | |
| Superior Court of the State of Arizona, in | ) | |
| and for the County of Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR-55947

JURISDICTION ACCEPTED; RELIEF GRANTED

Law Office of David Alan Darby
  By David Alan Darby                                                      Tucson
                                                  Attorney for Petitioner

Barbara LaWall, Pima County Attorney
  By Taren M. Ellis                                                    Tucson
                                              Attorneys for Real Party in Interest

P E L A N D E R, Chief Judge.

¶1  In the underlying capital case, the respondent judge, acting in his role as presiding judge of the Pima County Superior Court, denied petitioner Scott Nordstrom's motion for change of the assigned judge (Judge Cruikshank) for cause, filed pursuant to Rule 10.1, Ariz. R. Crim. P., 16A A.R.S.  Thereafter, the respondent judge denied Nordstrom's motion for reconsideration of that ruling.  In his petition for special action in this court, Nordstrom argues, inter alia, the respondent judge erred in ruling on Nordstrom's motion for change of judge for cause because the respondent judge himself previously had been peremptorily removed from the underlying case pursuant to Rule 10.2, Ariz. R. Crim. P., 16A A.R.S.

¶2  "Because the [respondent judge's] ruling denying the request for a change of judge is not an appealable order, *see* A.R.S. § 12-2101, [Nordstrom] necessarily does not have 'an equally plain, speedy, and adequate remedy by appeal.'" *Nikont v. Hantman*, 211 Ariz. 367, ¶ 2, 121 P.3d 873, 874 (App. 2005), *quoting* Ariz. R. P. Spec. Actions 1(a), 17B A.R.S.; *see also Bolding v. Hantman*, 214 Ariz. 96, ¶ 1, 148 P.3d 1169, 1170 (App. 2006); *Medders v. Conlogue*, 208 Ariz. 75, ¶ 1, 90 P.3d 1241, 1242 (App. 2004).  And, because the issue presented is strictly one of law and potentially of statewide importance that may recur, we accept jurisdiction of the special action. *See Nikont*, 211 Ariz. 367, ¶ 2, 121 P.3d at 874; *see also State ex rel. Thomas v. Gordon*, 213 Ariz. 499, ¶ 8, 144 P.3d 513, 515 (App. 2006); *Medders*, 208 Ariz. 75, ¶ 1, 90 P.3d at 1242 (jurisdiction accepted when

2

special action "require[d] us to interpret and harmonize rules of criminal procedure and to resolve an issue of first impression and statewide importance").

¶3 On the merits, we conclude the respondent judge, having previously been peremptorily removed from the underlying case, was not authorized to rule on Nordstrom's motion for change of Judge Cruikshank for cause and, instead, should have reassigned that matter to another judge for determination. Because the respondent judge proceeded "without or in excess of [his] jurisdiction or legal authority," we grant relief. Ariz. R. P. Spec. Actions 3(b).

## BACKGROUND

¶4 In March 1997, the respondent judge was peremptorily challenged and removed from the underlying capital case pursuant to Rule 10.2, Ariz. R. Crim. P. Thereafter, the case ultimately was reassigned to Judge Cruikshank. In December 1997, Nordstrom was convicted after a jury trial of first-degree murder and various other offenses and sentenced to death. Our supreme court affirmed the convictions and death sentences. *State v. Nordstrom*, 200 Ariz. 229, ¶ 99, 25 P.3d 717, 745 (2001) (*Nordstrom I*). Based on *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002), however, our supreme court later vacated the death sentences and remanded the case to the trial court for resentencing by a jury. *State v. Nordstrom*, 206 Ariz. 242, ¶ 28, 77 P.3d 40, 46 (2003) (*Nordstrom II*).

¶5 In November 2003, Nordstrom filed a notice of peremptory change of judge pursuant to Rule 10.2, Ariz. R. Crim. P., requesting assignment of the case to a judge other

3

than Judge Cruikshank. Later that month, Judge Cruikshank denied that request "on the basis of it being untimely." Our supreme court declined to accept jurisdiction of Nordstrom's ensuing petition for special action from that ruling.

¶6        Thereafter, Judge Cruikshank issued various rulings on issues pertaining to Nordstrom's resentencing trial. On Nordstrom's petition for special action in this court, we accepted jurisdiction and granted relief, reversing Judge Cruikshank's "order on the scope of the sentencing proceeding and direct[ing] [him] to conduct the proceeding in a manner consistent with [A.R.S.] §§ 13-703 and 13-703.01." *Nordstrom v. Cruikshank*, 213 Ariz. 434, ¶ 23, 142 P.3d 1247, 1254 (App. 2006) (*Nordstrom III*). On October 18, 2006, this court issued its mandate on that special action proceeding.

¶7        On October 25, 2006, Nordstrom filed in superior court a motion for change of judge for cause, seeking reassignment of the case from Judge Cruikshank to another judge pursuant to Rule 10.1, Ariz. R. Crim. P. In his motion, Nordstrom pointed out that the respondent judge previously had been peremptorily removed from the case and, therefore, the "Motion for Change of Judge for Cause must be assigned to a judge other than the Hon. John Leonardo." Nonetheless, the respondent judge, in his role as presiding judge, analyzed the legal issues presented by the motion and denied the request for change of judge, finding it was "untimely" and "present[ed] no specific, legally sufficient basis for a change of judge."

¶8        Nordstrom then moved for reconsideration, again asserting that the respondent judge was unauthorized to rule on the motion for change of judge for cause and requesting

4

that the motion be "[a]ssign[ed] [to] a neutral judge who has not been duly removed and disqualified from the case to determine the merits of the claim." Again addressing the merits of Nordstrom's request for change of judge, the respondent judge affirmed his previous ruling and denied the motion for reconsideration. In so ruling, the respondent judge stated:

> By way of clarification, the court rejects defendant's assertion raised in the first [October 2006] motion for change of judge that, having been myself removed as the assigned judge in this case in March of 1997 pursuant to Criminal Rule 10.2, I am disqualified from acting in my capacity as presiding judge under Criminal Rule 10.1. *Id.* The role of the presiding judge under Rule 10.1 is administrative and involves no substantive rulings involving the merits of the case.

This petition for special action followed.

## DISCUSSION

¶9 Nordstrom argues that, having been "duly removed from the [underlying] case pursuant to Rule 10.2" in 1997, the respondent judge "had no authority to act," even in his capacity as presiding judge, when he ruled on Nordstrom's motion for change of Judge Cruikshank for cause in 2006. Without specifically addressing Rule 10.2, but instead citing Rule 10.6, Ariz. R. Crim. P., the state responds "the fact that respondent judge was removed from the case in 1997 and then became the presiding judge does not mean that he cannot perform the functions of presiding judge in [Nordstrom's] case." Resolution of this issue involves analysis and interpretation of those criminal procedure rules, issues subject to our de novo review. *See Smith v. Mitchell*, 214 Ariz. 78, ¶ 5, 148 P.3d 1151, 1153 (App. 2006); *Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005).

5

¶10	"We evaluate procedural rules using principles of statutory construction," interpreting the rules "in accordance with the intent of the drafters" and "look[ing] to the [rules'] plain language . . . as the best indicator of that intent." *Fragoso*, 210 Ariz. 427, ¶ 7, 111 P.3d at 1030. "If the language is clear and unambiguous, we give effect to that language and do not employ other methods of statutory construction." *Id*.

¶11	As noted earlier, Nordstrom effectively exercised his Rule 10.2 of-right change of judge by having the case reassigned from the respondent judge in 1997. Rule 10.6, Ariz. R. Crim. P., on which both Nordstrom and the state rely, provides:

> When a motion or request for change of judge is timely filed under this rule, the judge shall proceed no further in the action, except to make such temporary orders as may be necessary in the interest of justice before the action can be transferred to the presiding judge or the presiding judge's designee. However, if the named judge is the presiding judge, that judge shall continue to perform the functions of the presiding judge.

¶12	Because the respondent judge was the subject of Nordstrom's of-right request for peremptory change of judge in 1997, the respondent judge thereafter could "proceed no further in the action," based on the express prohibition in Rule 10.6.[1] *See State v. City Court*, 150 Ariz. 99, 102, 722 P.2d 267, 270 (1986) ("Once the [Rule 10.2] notice has been filed, the challenged judge may not proceed further in the action, except to make temporary orders as are necessary in the interest of justice before the action is transferred to the

---

[1]The state does not contend that Nordstrom's 1997 notice of peremptory change of the respondent judge was not "timely filed under [Rule 10.2]." Ariz. R. Crim. P. 10.6.

presiding judge."); *State v. Schrock*, 149 Ariz. 433, 439, 719 P.2d 1049, 1055 (1986) (judge previously noticed and removed pursuant to Rule 10.2 later violated Rule 10.6 by answering jury question and receiving verdict while "fill[ing] in" for trial judge, but no reversal required when defense failed to object to first judge's improper "reentry into the matter"); *State v. Greenlee County Justice Court*, 157 Ariz. 270, 273, 756 P.2d 939, 942 (App. 1988) (by setting trial dates after having been timely noticed for removal under Rule 10.2, trial judge "acted without legal authority in violation of Rule 10.6").

¶13 In support of the respondent judge's refusal to abstain from ruling on Nordstrom's 2006 motion for change of judge for cause, the state points to the last sentence of Rule 10.6, asserting that a presiding judge "shall continue to perform the functions of the presiding judge." That provision, however, only applies when the presiding judge was "the named judge" in the "motion or request for change of judge." Ariz. R. Crim. P. 10.6. But Judge Cruikshank, not the respondent judge, was "the named judge" in Nordstrom's 2006 motion for change of judge for cause. Accordingly, the "presiding judge" language in Rule 10.6 neither authorized the respondent judge to rule on the merits of that motion nor negates the prohibition against him "proceed[ing] [any] further in the action" after having previously been removed as a judge from the case in 1997. Ariz. R. Crim. P. 10.6.[2]

---

[2]We also find unpersuasive the state's argument that the respondent judge properly ruled on Nordstrom's motion for change of judge for cause because Nordstrom failed to show that the "respondent judge was prejudiced or biased against him." Having previously had the respondent judge peremptorily removed from the case pursuant to Rule 10.2 in 1997, Nordstrom was not required, either then or now, to establish any bias or other cause

**¶14** In addition, under Rule 10.1, the presiding judge's only function is to "provide for a hearing on the matter before a judge other than the judge challenged." Ariz. R. Crim. P. 10.1(c). The rule further provides that, after a hearing, "[t]he hearing judge shall decide the issues" and then "return the matter to the presiding judge who shall as quickly as possible assign the action back to the original judge or make a new assignment, depending on the findings of the hearing judge." *Id.* Assuming the procedure prescribed in Rule 10.1(c) permits the presiding judge and hearing judge to be one and the same in some circumstances, that scenario was prohibited here because the respondent judge had previously been removed from the case.[3] In short, nothing in Rules 10.1 or 10.6 authorized the respondent, even in his role as presiding judge, to rule on the merits of Nordstrom's motion.

**¶15** Finally, in rejecting Nordstrom's disqualification argument, the respondent judge also noted that "[t]he role of the presiding judge under Rule 10.1 is administrative and

---

for removing the respondent judge from the case. *See* Court Comment to Experimental 2001 Amendments to Rules 10.2(a), (b) and (d) ("Rule 10.2 is intended to ensure a party's right to have a matter heard before a fair and impartial judge without the necessity of divulging details that could cause needless embarrassment and antagonism or showing actual bias which may be difficult to prove."); *see also* Court Comment to 2004 Amendments to Rules 10.2(a), (b), (c) and (d) (to same effect).

[3] We note that even under Rule 10.2, when a request for peremptory change of judge is timely filed and no replacement judge has been agreed upon, the presiding judge's only role is to "immediately reassign the action." Ariz. R. Crim. P. 10.2(d). Similarly, "[a]fter a request under Rule 10.2 has been filed or a motion under Rules 10.1 or 10.3 granted, the case shall be transferred immediately to the presiding judge who shall reassign the case to a new judge." Ariz. R. Crim. P. 10.5(a).

involves no substantive rulings involving the merits of the case." But here the respondent judge impermissibly made "substantive rulings" on Nordstrom's motion for change of judge. *Cf. State v. Eastlack*, 180 Ariz. 243, 254, 883 P.2d 999, 1010 (1994) (even if presiding judge "was personally disqualified, he had no duty to recuse himself from selecting the judge to hear this [capital] case"); *State v. Watkins*, 125 Ariz. 570, 575, 611 P.2d 923, 928 (1980) (presiding criminal judge, previously removed from case for cause, not disqualified from "performing mere ministerial act[]" of later "assigning the case to an impartial tribunal").

¶16     The respondent judge exceeded his legal authority in ruling on Nordstrom's motion for change of judge for cause and should have merely referred that motion for determination by a different judge. Accordingly, the respondent judge's orders filed November 28 and December 20, 2006 are vacated, and Nordstrom's motion for change of judge for cause shall be assigned to another judge for disposition. In so ruling, we do not address, and express no opinion on, any issues relating to the merits or timeliness of Nordstrom's 2006 motion for change of judge for cause or his earlier 2003 notice of peremptory change of judge.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____

9

JOSEPH W. HOWARD, Presiding Judge


_____

GARYE L. VÁSQUEZ, Judge