215 P.3d 388

**Nashawn L. CAMPBELL, Petitioner,**

**v.**

**The Honorable Janet BARTON, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Andrew P. Thomas, the Maricopa County Attorney, Real Party in Interest.**

No. 1 CA–SA 09–0151.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 25, 2009.

James J. Haas, Maricopa County Public Defender By James A. Wilson, Deputy Public Defender, Garrett W. Simpson, Deputy Public Defender, Phoenix, Attorneys for Petitioner.

Andrew P. Thomas, Maricopa County Attorney By Terri L. Clarke, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

Terry Goddard, Arizona Attorney General By Rex Nowlan, Assistant Attorney General, Phoenix, Attorneys for Respondent Judge.

## OPINION

DOWNIE, Judge.

¶ 1 In this special action proceeding, we hold that a criminal defendant who, under Arizona Rule of Criminal Procedure 10.2, files a notice of change of judge before the State elects to seek the death penalty may file a second notice of change of judge after the State announces its intention to seek the death penalty. Because the superior court ruled otherwise, we accept jurisdiction and grant relief.

## Facts

¶ 2 In June 2009, petitioner Nashawn Campbell was charged with first degree murder and child abuse. He was arraigned on June 22, 2009, at which time his case was assigned to Judge Roland Steinle. Campbell filed a notice of change of judge as to Judge Steinle that same day.

¶ 3 On July 6, 2009, the State filed a "Notice of Intention to Seek Death Penalty and Notice of Aggravating Factors." *See* Ariz. R.Crim. P. 15.1(i)(1) ("The prosecutor, no later than 60 days after the arraignment in superior court, shall provide to the defendant notice of whether the prosecutor intends to seek the death penalty."). On July 7, 2009, as a result of the earlier notice of change of judge as to Judge Steinle, Campbell's case was reassigned to Judge Janet Barton. That same day, Campbell filed a notice of change of judge as to Judge Barton. By minute entry dated July 10, Judge Barton declined to honor Campbell's second notice, stating:

The court does not interpret Rule 10.2, Ariz.R.Crim.P., as giving Defendant a second Rule 10.2 right to a change of judge in a death penalty case just because first right was exercised before the state filed its Notice of Intention to Seek the Death Penalty.

As defendant previously exercised [his] right to a change of judge under Rule 10.2 when [he] noticed Judge Steinle,

IT IS ORDERED denying defendant's July 7, 2007, Notice of Change of Judge.

¶ 4 This special action proceeding ensued. In responding to the petition, the State concedes that the superior court should have honored Campbell's second notice of change of judge.

## Analysis

¶ 5 The decision to accept or reject special action jurisdiction is highly discretionary. *Ariz. Legislative Council v. Howe*, 192 Ariz. 378, 382, ¶ 10, 965 P.2d 770, 774 (1998). A primary consideration is whether the petitioner has an equally plain, speedy and adequate remedy by appeal. *State ex rel. Romley v. Superior Court (Franks)*, 172 Ariz. 109, 111, 834 P.2d 832, 834 (App.1992); *Escalanti v. Superior Court (Armstrong)*, 165 Ariz. 385, 386, 799 P.2d 5, 6 (App.1990). Another consideration is whether the petition presents an issue of statewide importance affecting numerous cases. *Lind v. Superior Court (Hall)*, 191 Ariz. 233, 236, ¶ 10, 954 P.2d 1058, 1061 (App.1998).

¶ 6 We have previously held that a petition for special action is the proper method of challenging the denial of a notice of change of judge. *Reed v. Burke*, 219 Ariz. 447, 448, ¶ 2, 199 P.3d 702, 703 (App.2008). Campbell has no adequate remedy by way of appeal, the question presented is likely to recur in other capital cases, and the matter is one of statewide importance. We thus accept special action review.

¶ 7 Arizona Rule of Criminal Procedure 10.2 addresses the right of parties in criminal proceedings to request a change of judge. Rule 10.2(a) provides, in pertinent part:

In any death penalty case, any party shall be entitled to request a change of judge as a matter of right no later than ten (10) days after the state files a notice of intention to seek the death penalty. In any criminal case other than a death penalty case, each side is entitled as a matter of right to a change of judge. Each non-death penalty case, whether single or consolidated, shall be treated as having only two sides; except that, whenever two or more parties on a side have adverse or hostile interests, the presiding judge or that judge's designee may allow additional changes of judge as a matter of right.

¶ 8 The meaning and effect of a court rule is a question of law that we review *de novo. Pima County v. Pima County Law Enforcement Merit Sys. Council,* 211 Ariz. 224, 227, ¶ 13, 119 P.3d 1027, 1030 (2005). We interpret rules of court in the same fashion as when we construe statutes. *State v. Sanders,* 205 Ariz. 208, 217, ¶ 38, 68 P.3d 434, 443 (App.2003). We base our analysis, as with statutes, on the language of the rule. *State ex rel. Romley v. Superior Court (Stewart),* 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991) ("[W]hen the rule's language is not subject to different interpretations, we need look no further than that language to determine the drafters' intent.").

¶ 9 Although the parties agree on the proper interpretation of Rule 10.2, the superior court interpreted it differently. When the meaning of a rule or statute is disputed, it is important, though not always dispositive, to review the enactment's history in an attempt to ascertain the promulgators' understanding and intent. *See, e.g., Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 269, 872 P.2d 668, 673 (1994) (addressing interpretation of statutes).

¶ 10 In 2001, the Arizona Supreme Court amended Rule 10.2(a) to, *inter alia,* draw a distinction between death penalty cases and non-capital cases. In the "Court Comment to Experimental 2001 Amendments to Rules 10.2(A), (B) and (D)," the Court stated:

Rule 10.2 is intended to ensure a party's right to have a matter heard before a fair and impartial judge without the necessity of divulging details that could cause needless embarrassment and antagonism or showing actual bias which may be difficult to prove. (Citation omitted.) Rule 10.2(a) limits the number of notices to one per side *except in death penalty cases.* (Emphasis added.)

¶ 11 Rule 10.2 expressly gives criminal defendants the right to request a change of judge within ten days after the State files a notice of intention to seek the death penalty. The rule goes on to state that, in criminal matters *other than* death penalty cases, each side is "entitled as a matter of right to *a* change of judge," implying that death penalty cases are not limited to a single change of judge. (Emphasis added.) When the Supreme Court's comment is added to the analysis, it is clear that Rule 10.2 accords capital cases different treatment. Where a defendant has filed a timely notice of change of judge under Rule 10.2 before the State elects to seek the death penalty, he or she is entitled to file a second timely notice of change of judge after the State announces its intention to seek the death penalty.

### Conclusion

¶ 12 For the foregoing reasons, we accept jurisdiction and grant relief. On remand, the superior court shall honor the notice of change of judge filed by petitioner on July 7, 2009.

CONCURRING: PETER B. SWANN, Presiding Judge and JOHN C. GEMMILL, Judge.