NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JULIO CESAR GARCIA-SOTO, *Petitioner*,

*v.*

THE HONORABLE MICHAEL R. BLUFF, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for
the County of YAVAPAI, *Respondent Judge,*

STATE OF ARIZONA ex rel. SHEILA SULLIVAN POLK,
Yavapai County Attorney, *Real Party in Interest.*

No. 1 CA-SA 17-0152
FILED 8-29-2017

Petition for Special Action from the Superior Court in Yavapai County
No.  V1300CR820080062; V1300CR820080093
The Honorable Michael R. Bluff, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Michael Terribile, Treasure VanDruemel, Phoenix
*Counsel for Petitioner*

Arizona Attorney General's Office, Tucson
By Marjorie S. Becklund
*Counsel for Respondent*

Yavapai County Attorney's Office, Prescott
By Steven A. Young
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Samuel A. Thumma joined.

---

**H O W E**, Judge:

**¶1**      Julio Cesar Garcia-Soto seeks special action relief from the respondent judge's order denying his notice of peremptory change of judge under Arizona Rule of Criminal Procedure ("Rule") 10.2. He argues that the respondent judge exceeded his jurisdiction by determining more than the facial timeliness of his notice. Special action jurisdiction is appropriate here because "a challenge to the denial of a notice of peremptory change of judge filed pursuant to Rule 10.2 must be brought by special action." *State v. Ingram*, 239 Ariz. 228, 232 ¶ 16 (App. 2016). As such, Garcia-Soto has no adequate remedy by appeal. *See* Ariz. R. P. Spec. Act. 1(A). Consequently, we accept jurisdiction, but for the following reasons, deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2**      In early 2008, Garcia-Soto was indicted in two separate felony cases: a forgery case and a homicide case. The forgery case was assigned to deputy public defender Robert Gundacker and the homicide case was assigned to deputy public defender Chester Lockwood. At that time, Mr. Gundacker was also assigned as second chair counsel in the homicide case in the event that the State sought the death penalty. In April 2008, both cases were assigned to the respondent judge, who presided over status conferences and pretrial hearings in both cases. During that time, the State Bar of Arizona filed a complaint against Mr. Lockwood for incidents that occurred before he started working as a public defender. Mr. Lockwood continued as assigned counsel and argued on Garcia-Soto's behalf at subsequent case management conferences while the State Bar's investigation and complaint were pending.

**¶3**      In June 2008, while the cases remained assigned to the respondent judge, the State filed its notice to seek the death penalty.

Subsequently, Garcia-Soto participated in further pretrial hearings before the respondent judge. Then, in December 2008, the entire public defender's office moved to withdraw as Garcia-Soto's counsel on both cases because of a conflict. At the following status conference, the respondent judge granted the motion to withdraw and also vacated a then-pending trial date. In February 2009, Garcia-Soto's cases were reassigned to another judge and were then reassigned several more times over the next six years.

¶4        In May 2017, the trial court needed to reassign Garcia-Soto's cases again after the assigned judge became unavailable. At the reassignment hearing, the presiding judge noted that only three judges were available for assignment. Of the three judges available, two had previously been assigned to Garcia-Soto's cases, including the respondent judge. The presiding judge asked the parties whether the respondent judge had any conflicts or if any notice of change of judge had been filed in 2008 when the cases were previously assigned to the respondent judge. Both parties acknowledged that no notices had been filed and that they were unaware of any conflicts. Consequently, the presiding judge assigned the cases to the respondent judge. Before the hearing ended, Garcia-Soto informed the presiding judge that he would file a notice of change of judge pursuant to Rule 10.2. The presiding judge instructed Garcia-Soto to submit the notice in writing to the respondent judge.

¶5        On May 10, 2017—nine days after the reassignment hearing—Garcia-Soto filed his notice of change of judge. The State objected and argued that the notice was untimely and that Garcia-Soto waived his right to a notice of change of judge under Rule 10.2. Without addressing waiver, the respondent judge ruled that Garica-Soto's notice was untimely. In denying the request, the respondent judge stated that Garcia-Soto's cases were first assigned to him in April 2008 and that Garcia-Soto "had a right to file a *Notice of Change of Judge* in 2008 and elected not to do so." According to the respondent judge, Garcia-Soto's right to a peremptory change of judge under Rule 10.2 was not renewed when his cases were reassigned to the respondent judge. Garcia-Soto then petitioned for special action. Garcia-Soto requested an interlocutory stay, which we granted.

## DISCUSSION

¶6        Garcia-Soto contends that the respondent judge exceeded his jurisdiction by determining more than whether the notice for change of judge was submitted within ten days as Rule 10.2(c) requires. We need not determine this issue, however, because Garcia-Soto waived his right to a peremptory change of judge regarding the respondent judge. We review de

novo the trial court's interpretation of court rules. *State v. Manuel*, 229 Ariz. 1, 3 ¶ 5 (2011). We will uphold "a trial court's ruling if the result was legally correct for any reason." *State v. Carlson*, 237 Ariz. 381, 387 ¶ 7 (2015). Garcia-Soto waived his right to a peremptory change of judge regarding the respondent judge in 2008, and we therefore deny relief.

¶7        In 2008, when Garcia-Soto was indicted, Rule 10.2 differentiated between death penalty and non-death penalty cases. In non-death penalty cases, a party was entitled to a change of judge as a matter of right if the notice was made in good faith and within a certain timeframe. Ariz. R. Crim. P. 10.2(b)-(c) (2008). In pertinent part, for non-death penalty cases, the rule permitted a party to file a notice of change of judge within ten days after "actual notice to the requesting party of the assignment of the case to a judge." Ariz. R. Crim. P. 10.2(c)(3) (2008). For death penalty cases, Rule 10.2 permitted a notice of change of judge if filed within ten days after the State moved to seek the death penalty. Ariz. R. Crim. P. 10.2(a) (2008). As such, in 2008, a defendant was entitled to a change of judge both before and after the State elected to seek the death penalty. *See Campbell v. Barton*, 222 Ariz. 414, 416 ¶ 11 (App. 2009).

¶8        Effective January 1, 2011, the Arizona Supreme Court amended Rule 10.2 to eliminate the distinction between death penalty and non-death penalty cases. As amended, Rule 10.2 states that in any criminal case "each side is entitled as a matter of right to a change of judge." *See* Ariz. R. Crim. P. 10.2(a). As relevant here, Rule 10.2(c) remained the same as it did in 2008, entitling a defendant to a change of judge if the notice is filed within ten days after "actual notice to the requesting party of the assignment of the case to a judge." Ariz. R. Crim. P. 10.2(c)(3). A Rule 10.2 notice of change of judge may only be used once. *Hill v. Hall*, 194 Ariz. 255, 258 ¶ 10 (App. 1999); *see also Woodington v. Browning*, 240 Ariz. 288, 290 ¶ 9 (App. 2016) ("[A] defendant is entitled to only one peremptory challenge in a criminal case.").

¶9        This right to a peremptory change of judge, however, can be waived. The waiver rule, Rule 10.4, provides in pertinent part that "[a] party loses the right under Rule 10.2 to a change of judge when the party participates before that judge in any contested matter in the case, an omnibus hearing, any pretrial hearing, a proceeding under Rule 17, or the commencement of trial." Ariz. R. Crim. P. 10.4(a). This court has defined "that judge" to mean the judge "assigned" the case and not merely a judge who hears a contested issue. *Medders v. Conlogue*, 208 Ariz. 75, 78 ¶ 10 (App. 2004). Further, pretrial hearings need not be contested or substantive hearings to trigger Rule 10.4, as even case management conferences "fall

within the broad ambit of any pretrial hearing." *Higuera v. Lee*, 241 Ariz. 76, 81 ¶ 18 (2016).

¶10 Garcia-Soto's cases were assigned to the respondent judge while the 2008 version of Rule 10.2 was in effect. As such, he had the right to a change of judge regarding the respondent judge twice, once before the State filed its notice to seek the death penalty and once afterwards. But he waived that right each time by failing to invoke the right through a timely notice of change of judge. Garcia-Soto was indicted in early 2008 and his cases were assigned to the respondent judge in April 2008. As a non-death penalty defendant at the time, Garcia-Soto had ten days from the assignment of his case to the respondent judge to file a Rule 10.2 notice of change of judge. By participating in several pretrial hearings before the respondent judge, Garcia-Soto waived his Rule 10.2 right regarding the respondent judge. Then, when the State filed its notice of intent to seek the death penalty in June 2008, Garcia-Soto's right to a peremptory change of judge regarding the respondent judge was renewed. He did not file any notice of change of judge and participated in pretrial hearings before the respondent judge—thus again waiving his right to a change of the respondent judge. Garcia-Soto's failure to file a notice of change of judge within ten days of the State's filing its notice to seek the death penalty in 2008 resulted in his waiver of a right to a change of judge under Rule 10.2 as it existed in 2008.

¶11 Although the 2011 amendment to Rule 10.2 restored Garcia-Soto's right to a peremptory change of judge by removing the distinction between death and non-death penalty cases, it did not annul any of his earlier waivers. Consequently, as of May 2017 (when Garcia-Soto filed his most recent notice of change of judge), he had already waived his right to a peremptory change of judge regarding the respondent judge. Rule 10.4(a) is clear. A party loses the right to a change of judge under Rule 10.2 if the party participates before that judge in any pretrial hearing. The respondent judge was the assigned judge on both of Garcia-Soto's cases from April 2008 until February 2009. During that time, Garcia-Soto participated in pretrial hearings before and after the State filed its notice to seek the death penalty. Contrary to Garcia-Soto's argument that the respondent judge can only determine whether his notice of change of judge was filed within the ten-day time limit Rule 10.2(c) requires, "[n]othing in Rule 10 requires a judge to transfer the proceeding to the presiding judge if a notice is untimely or the right has been waived." *See Higuera*, 241 Ariz. at 82 n.7 ¶ 21; *see also Medders*, 208 Ariz. at 77 ¶ 5 ("Because we are able to answer the waiver question as a matter of law, it is irrelevant which judge made the decision, and we need not decide [that] issue."). Accordingly, as

a matter of law, Garcia-Soto waived his right to a peremptory change of the respondent judge under Rule 10.2.

**¶12**        Garcia-Soto counters that he did not waive his right to a peremptory change of judge by participating in pretrial hearings in front of the respondent judge in 2008.[1] According to Garcia-Soto, a party waives its right to a Rule 10.2 change of judge when the party participates in a proceeding following the most recent assignment of the case. And because he has yet to participate in any proceedings following the May 2017 assignment to the respondent judge, no waiver occurred here. But Garcia-Soto is incorrect. Rule 10.4 requires only that a party participate in one of the listed proceedings in front of a judge who was assigned the case for Rule 10.2 purposes. *See Medders*, 208 Ariz. at 78 ¶ 10 ("[W]e conclude that judge in Rule 10.4(a) means the judge who is assigned the case for purposes of Rule 10.2 at the time of the [applicable 10.4 proceeding]."). Reading Rule 10.4 as Garcia-Soto suggests contradicts the rule's purpose to prohibit a party from changing a judge after receiving information that could prove useful in a later decision whether to file a Rule 10.2 notice against the same judge. *Id.* at 77 ¶ 6. Garcia-Soto participated in several pretrial hearings during the time his cases were assigned to the respondent judge, and thus he waived his Rule 10.2 right to a peremptory change of judge regarding the respondent judge. Therefore, the respondent judge properly denied Garcia-Soto's notice of change of judge.

---

[1]        Garcia-Soto also counters that any waiver that occurred could not be imputed to him because of the State Bar's investigation into Mr. Lockwood during the ten days after his case was assigned to the respondent judge and because of the public defender's office's withdrawal as counsel. These arguments, however, are without merit. Although Mr. Lockwood was under investigation, he remained as counsel throughout the investigation and attended further pretrial hearings and conferences. Additionally, Garcia-Soto provides no evidence to suggest that his two appointed attorneys had a conflict that denied him representation before the public defender's office moved to withdraw as counsel.

## CONCLUSION

¶13      For the foregoing reasons, although we accept jurisdiction, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA